## TEXAS RECIPROCAL INS. ASS'N v. LATHAM.

### No. 2578.

Court of Civil Appeals of Texas. Beaumont.
May 28, 1934.

Rehearing Denied June 13, 1934.

Weatherby & Rogers and Tom P. Scott, all of Waco, for appellant.

Sanders & McLeroy, of Center, for appellee.

COMBS, Justice.

This is a suit for compensation under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.) for injuries sustained by appellee, R. C. Latham, on June 6, 1932, when a truck which he was driving ran off a highway embankment near Shelbyville, in Shelby county, Tex. At the time of the injury, appellant carried the compensation insurance on the employees of Tibbetts & Tibbetts Construction Company, and appellee, in his petition, alleged that he was an employee of said company. Whether appellee was such employee, or was, in fact, the employee of H. J. Maxwell, owner of the truck which he was driving, is the controlling question in the case. The facts bearing upon that issue are briefly these:

For some time before, and at the time of, appellee's injuries, Tibbetts & Tibbetts Construction Company was engaged in constructing a pipe line for the Texas Company from near Shreveport, La., to a point in Shelby county, Tex. A Mr. Harman was general foreman in charge of the work. The truck which appellee was driving at the time of his injury was owned by H. J. Maxwell of Center. Mr. Maxwell testified that he employed appellee, Latham, as a truck driver and that Latham had worked for him in that capacity for about five years prior to the injury, his wage being $3 per day; that about a week or so before the injury he (Maxwell) made a contract with Tibbetts & Tibbetts Construction Company, through its foreman, Mr. Harman, to furnish it a truck and driver to be used in hauling pipe, the company to pay him $1.25 per hour as hire for the truck and driver; that in accordance with the contract he sent appellee, Latham, with the truck to Keatchie, La., where the construction work was in progress, and from then up to the time of the injury Latham hauled pipe on the truck for Tibbetts & Tibbetts Construction Company, for which the company paid him (Maxwell) the agreed hire of $1.25 per hour for the use of the truck and driver. Mr. Maxwell paid appellee, as driver of the truck, the $3 per day for his services. Mr. Maxwell testified that under his contract with Tibbetts & Tibbetts Construction Company he had nothing to do with directing the work of Latham; that Latham was under the direction and control of the foreman, Harman, who supervised his work, directed him where to go, where to load, how much load to put on, and how to operate the truck; that he had turned the truck and driver over to Mr. Harman, and did not know what work was being done by them or how it was being done, except as he would see

Latham driving the truck through the town of Center where he (Maxwell) lived.

The appellee, Latham, testified that he reported with the truck for work near Keatchie, La.; that the foreman, Mr. Harman, told him to haul the pipe, where to get it, and where to carry it; that Mr. Harman directed him when and where to work, and fixed the hours of his work; the construction company also furnished him a letter of credit which enabled him to purchase gasoline for the truck at Texas Company filling stations. He testified that on the day he was injured Mr. Harman instructed him to go to Beaumont and get ten joints of six-inch pipe and haul them to Keatchie, La. He went to Beaumont as instructed, got the load of pipe, and on his way back he swerved his truck off the highway and down an embankment near Shelbyville, in Shelby county, in order to avoid a collision with an automobile, and, as a result, he sustained serious and permanent injuries, for which compensation is sought.

The trial was to the court. Appellant offered no testimony, but instead, at the conclusion of appellee's testimony, moved for judgment on the ground that the evidence was insufficient to show that appellee was an employee of Tibbetts & Tibbetts Construction Company. The trial court overruled the motion and entered judgment for appellee for total incapacity from the date of his injury to September 1, 1932, and for 50 per cent. permanent incapacity thereafter.

There is no merit in appellant's contention that appellee's evidence of injury and the resulting incapacity was insufficient to sustain the court's award. Appellee testified in detail as to the nature of his injuries. He suffered severe lacerations of the scalp, back, and right arm, and was carried to a sanitarium in an unconscious condition. He was unable to do any work for more than two months, and at the time of the trial was still suffering from injuries which appeared to be of a permanent character. We do not detail his testimony, in regard to his injuries, as it fully supports the award made by the trial court and was in no way controverted by the appellant.

We are also of the opinion that the trial court was correct in holding that appellee was an employee of Tibbetts & Tibbetts Construction Company, within the meaning of the Workmen's Compensation Law. We have summarized at some length the evidence bearing upon the issue. It shows that the construction company, through its foreman, Harman, had full direction and control of the work to be performed for it by appellee, Latham. Mr. Maxwell, owner of the truck, was not, as contended by appellant, an independent contractor. He had not agreed to do any particular piece of work for Tibbetts & Tibbetts Construction Company over which he was to have control as to the methods and means used for its accomplishment. His was a contract of hire only, whereby he agreed to furnish it the truck and driver to haul such pipe as it should direct at an agreed price per hour; Tibbetts & Tibbetts Construction Company was to exercise, and did exercise, full power and control in directing, not merely the end sought to be accomplished, the hauling of the pipe, but also the details as to what hours Latham should work, what pipe should be hauled, and how, when, and where it should be hauled. Unquestionably its foreman had the ultimate control and direction of Latham's work and the relation of master and servant existed between them. Security Union Ins. Co. v. McLeod (Tex. Com. App.) 36 S.W.(2d) 449; Shannon v. Western Indemnity Co. (Tex. Com. App.) 257 S. W. 522; Wallace v. Southern Cotton Oil Co., 91 Tex. 18, 40 S. W. 399.

This case is easily distinguished on the facts from that line of cases wherein recovery of compensation has been denied on the ground that the injured party was employed by an independent contractor whose contractee had no power of control over the work to be done, except to supervise it in such a way as to see that it was performed according to contract. See Simonton v. Perry (Tex. Civ. App.) 62 S. W. 1090; Smith v. Humphreyville, 47 Tex. Civ. App. 140, 104 S. W. 495; Security Union Insurance Co. v. McLeod (Tex. Com. App.) 36 S.W.(2d) 449. Here the contractee not only had full direction and control of the methods of performance, but also determined the amount of the work and where it was to be performed.

Nor is it controlling that Latham was to receive his pay from Maxwell and not from the construction company. The manner in which the person employed is to be paid is not controlling on the question of who his master is. Shannon v. Indemnity Company, supra. The essential inquiry is, Who, under the facts shown, had the right to direct and control the work which he was to perform?

Finding no error, the judgment of the trial court is affirmed.