## J. B. BLANKENSHIP v. ROYAL INDEMNITY COMPANY.

No. 6679. Decided June 24, 1936.
Rehearing overruled July 22, 1936.
(95 S. W., 2d Series, 366.)

*Bailey P. Loftin, Sewall, Taylor, Morris & Garwood,* and *W. J. Knight,* all of Houston, for plaintiff in error.

On proposition that plaintiff was an employee. Clement v. Producers' Refining Co., 270 S. W., 206; Johnson v. Breckenridge-Stephens Title Co., 257 S. W., 223; W. T. Rawleigh Co. v. Gober, 3 S. W. (2d) 845.

On proposition of average daily wages. Maryland Casualty Company v. Stevens, 55 S. W. (2d) 149; American Employers Ins. Co. v. Singleton, 24 S. W. (2d) 26.

*Hunt & Hunt* and *H. G. Butts,* all of Houston, for defendant in error.

On proposition that plaintiff was an independent contractor. Corrigan v. Heubler, 167 S. W., 159; Shannon v. Western Ind. Co., 257 S. W., 522; Texas Emp. Ins. Assn. v. Owen, 298 S. W., 543.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit involves the right of plaintiff in error, J. B.

Blankenship (herein called plaintiff), to recover compensation insurance from the Royal Indemnity Company, herein called defendant. The most important question is whether or not Blankenship, at the time of his injury, was an employee of Crain Ready-Cut House Company, whose compensation insurance was carried by defendant, or was an independent contractor. In the trial court a jury found that plaintiff was an employee and not an independent contractor. The jury also made other findings upon which judgment in favor of plaintiff for compensation was entered. A majority of the Court of Civil Appeals held, as a matter of law, that plaintiff was an independent contractor, and not an employee, and reversed and rendered the case. Justice Graves dissented, contending that the evidence was conflicting and was sufficient to sustain the finding of the jury to the effect that plaintiff was an employee. 65 S. W. (2d) 327-333. As these opinions contain an elaborate statement of the facts, and particularly a full statement of the numerous particulars in which Crain Ready-Cut House Company exercised control over plaintiff in the matter of performing his work, we do not deem it necessary to make an extended statement here.

Plaintiff was a carpenter who had followed his occupation for a number of years. He had a contract with Crain Ready-Cut House Company for doing the carpenter work on a house under construction by that company, his compensation to be a gross sum of $385.00. Plaintiff furnished his own tools and employed such help as he desired to aid him in the work, paying them such prices as were agreed upon between them and himself. Plaintiff and the other men he employed were left free to work such hours as they chose, but it seems to have been clearly understood by all parties that the work would be done in a reasonably prompt manner and the usual working hours would be observed. Crain Ready-Cut House Company furnished all materials and sublet other portions of the construction work to other parties as it saw proper. At the end of each week its manager advanced to plaintiff an amount equal to $6.00 per day for each day of work by plaintiff and his helpers, less 20 per cent, which was to be withheld until the final completion of the work. Plaintiff was furnished general plans for the house, but no specifications. When he began work on the house the concrete foundation had been laid.

One of the difficulties confronted in the case arises out of the fact that as plaintiff was an experienced carpenter and had done work for the Crain Ready-Cut House Company and its

predecessor for a number of years, it was taken for granted that he knew in a general way what was to be done, and the contract in some particulars was never actually expressed in words, but was left to the general understanding of the parties.

■ If the provisions mentioned in the foregoing statement constituted all of the essential features of the agreement, very obviously plaintiff would have been an independent contractor, but this merely brings us to the crucial controversy in the case. It is not disputed that Crain Ready-Cut House Company, through its general manager Brace, exercised a degree of control over plaintiff in doing his work. Counsel for defendant contend that it was only an exercise of general supervision for the purpose of seeing that the work was done according to contract, or that general results were accomplished as contemplated by the parties. If this were true, it would not destroy the relationship of employer and independent contractor. See Lone Star Gas Company v. Kelly (Com. App.), 46 S. W. (2d) 656. On the other hand, plaintiff contends that the control which Brace had a right to exercise and did actually exercise extended to directing the manner, means and methods of performing the details of the work as it progressed. It seems to us that the weakness in defendant's position results by reason of the fact that there was no contract specifying the results to be accomplished. It appears that when Mr. Brace was asked about specifications he replied: "I will be the specifications." If this had been a part of a written contract perhaps it would have been within the province of the court to try to appraise its significance. It was not, however, but was only a part of an agreement which was partly oral and partly left to the understanding of the parties. It seems to us, therefore, that it was peculiarly within the province of the jury to determine, in light of all the facts and circumstances, just what this meant. Was it meant by this statement that Brace was merely to outline the various things to be accomplished so as to attain an ultimate result, or did it mean that Brace could instruct plaintiff not only as to the things which were to be done but also as to how some or all of them were to be done? In light of the numerous suggestions which were actually made by Brace, as set out in the dissenting opinion, it is a fair inference that it had this latter meaning. If so, by numerous decisions it is settled that plaintiff was an employee rather than an independent contractor. The following statement of the applicable rule is found in various cases:

"When the details of the contract are to be completed

under the orders of the company employing the other, and according to their direction, and the contractor undertakes, in general terms, and the company reserves the right and power not only to direct what shall be done, but how it shall be done, and to control the doing of it whilst it is being done, then the contractor is not an independent contractor, but is the agent, servant or employee of the party for whom he is doing the work."

In 20 A. L. R., beginning at page 710 and continuing to page 726, will be found reference to many cases where it has been held that a provision in a contract or agreement to the general effect that the work shall be done "under the directions" of the owner or his agent, or under "the instructions" of the employer or his foreman, or "in a manner satisfactory to" the owner, such provisions negative the independence of the contract. In the present case, the condition that Brace was to be the specifications might have been reasonably interpreted by the jury to mean that the details of the work were to be done under his instructions and in a manner satisfactory to him. As pointed out above, the undisputed proof is that Brace did give directions concerning several particulars of the work. For instance, on one occasion while plaintiff was working on the house 'he was told by Brace to build a garage. There were no plans for the garage, but Brace told plaintiff what he wanted, and how to build it. After Brace had proceeded with the work far enough to have the foundation laid and the studdings up Brace told him that the sills should be creosoted. Although plaintiff contended that it would be considerable trouble to tear the work down and creosote the sills, nevertheless Brace required him to do this. In the annotation above mentioned at page 725 appeared the following comment:

"Evidence which shows that the employer did, as a matter of fact, interfere with, or give directors concerning, certain particulars of the work, has a material bearing both upon the rights and liabilities of the parties to the contract and upon the enforceability of claims in respect of injuries caused by acts done in the course of the work. Such evidence is susceptible, according to circumstances, of being considered under two different aspects:

"(1) It may be regarded as tending to establish the general conclusion that the employers' acts were done in pursuance of a right reserved by him at the time when the contract was made, or acquired by him with the consent of the contractor after the commencement of the stipulated work, and that he

consequently occupied the position of a master with respect to the person employed. In this point of view the evidence has sometimes been spoken of as being indicative of a 'practical construction of the contract in the performance of the work.' To negative the inference that the person employed was an independent contractor, it is not necessary that the directions actually given should have embraced every detail in the execution of the work."

In the case of Smith v. Marshall Ice Company, 204 Ia., 1348, 217 N. W., 264, the court made the following observation which we think very pertinent to the present case:

"Even though it be true that, because of the confidence reposed in the employee, the employer left the manner of making the repairs largely to the knowledge, skill, and judgment which he knew the employee possessed, he still had the reserved right to control the method and means of doing the work, and the employee was at all times subject to any instructions or directions from the employer in regard thereto."

While it may be said that there is no serious conflict in the testimony, yet it does appear that some of the circumstances, and particularly the statement that Brace was to be the specifications, are susceptible of different interpretations, and we are of the opinion that it was clearly within the province of the jury to consider and determine the effect of these circumstances and the statement mentioned, in light of all the facts and circumstances. It cannot be held as a matter of law that plaintiff was an independent contractor, but on the contrary we think there was ample evidence tending to show that he was an employee. See Porter v. Withers Estate, 201 Mo. App., 27, 210 S. W., 109: Franklin Coal & Coke Co. v. Industrial Commission, 296 Ill., 329, 129 N. E., 811; Poor v. Madison River Power Co., 38 Mont., 341, 99 Pac., 947.

■ As the case was reversed and rendered by the Court of Civil Appeals and writ of error granted in favor of plaintiff, it becomes necessary to consider other propositions relied upon by defendant in the Court of Civil Appeals. One of these propositions is that plaintiff was not in fact covered by the policy of insurance issued by defendant. It appears that plaintiff was not included in the classification of employees listed in the policy as a basis of computing premiums, but by the general insuring portions of the policy he was undoubtedly included. Crain Ready-Cut House Company was not included in two separate and distinct kinds of business. Its general business at the time was the laying out and putting on the market a subdivi-

sion in the City of Houston, and the building of houses on lots in this subdivision was a part of the general business conducted by it. This proposition is overruled.

■ Defendant further complains that there was error in the method adopted by the court in arriving at the average daily wages of plaintiff. The court submitted to the jury an issue as to what was the average daily wages of an employee of the same class as that of the plaintiff, working substantially the whole year immediately preceding the accident, in the same employment and in the same vicinity during the day so employed. To this the jury answered $6 per day. The objection to the issue was that plaintiff was shown to be in a class of his own, and that the testimony as to wages of non-union carpenters was not applicable. While it is true plaintiff was employed for a lump sum, yet we think it clear that he was contracted with upon a basis as if he were an ordinary non-union carpenter. It is shown that the company advanced to him and his helpers at the end of each week an amount equal to $6.00 per day for each day they had worked, with retention of 20 per cent. We think there was evidence authorizing submission of the issue complained of, and as the award was for only $20.00 per week, defendant is in no position to complain.

■ Defendant next complains of the definitions of "employee" and "independent contractor," given by the trial court. We think these definitions were too lengthy, but the definition of employee as given was really more burdensome to plaintiff than to defendant. All that was necessary was the statutory definition. The addition which defendant says should have been made to the definition of independent contractor would have clearly been a general charge, and therefore was properly refused. We do not think these propositions present reversible error.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court June 24, 1936.

Rehearing overruled July 22, 1936.