**ALEXANDER FILM. CO. v. WILLIAMS.**

No. 13521.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 26, 1937.

W. D. Garnett, of Gainesville, for appellant.

Cecil Murphy and John Atchison, both of Gainesville, for appellee.

DUNKLIN, Chief Justice.

There was a collision between two automobiles on the public highway between one driven and owned by Robert Austin and the other owned and driven by R. D. Williams. The latter car was badly damaged and Williams recovered a judgment therefor against the Alexander Film Company, a foreign corporation, upon allegations that at the time of the collision Austin was acting as its agent and servant, and that the collision was the proximate result of his negligence, and that company has appealed.

Defendant specially pleaded that at the time of the accident Robert Austin was not an employee, agent, or servant of it, but was an independent contractor in this: "That Austin furnished his own automobile and paid all expenses incident to its operation, as well as all his traveling expenses; that he obtained contracts from business men for the preparation and display of short advertising films in motion picture theaters; that when obtained, contracts were submitted to defendant's Home Office for acceptance or rejection, which right was reserved by defendant; that if accepted defendant paid Austin 20% of amount collected on contracts, if rejected, nothing was paid him for obtaining contract; that defendant had nothing to do with where or when Austin worked in his territory, being interested only in results of his work and contracts turned in which were accepted; that it had no right to control the details of Austin's work; that when he obtained contracts and forwarded to Home Office his connection was terminated, except the collection of his commissions; that Austin exercised his own judgment when he traveled and solicited contracts, where he worked in his territory and under what weather conditions, and whether he traveled at day or night, and defendant exercised no control over any of the details of Austin's work, being interested solely in the results thereof."

In answer to special issues the jury sustained plaintiff's allegations of Austin's negligence as the proximate cause of the collision and rejected the defense of contributory negligence on the part of plaintiff; and those findings have not been challenged on this appeal.

The first special issue submitted to the jury, with the finding thereof, reads as follows: "Do you find from a preponderance of the evidence that at the time of the collision of automobiles in question, the Alexander Film Company had the right to exercise control over the details of the work said Robert Austin had been engaged to do for said Company? Answer: Yes."

The first assignment of error reads as follows: "The court erred in refusing to give in charge to the jury special charge No. 1 requested by defendant, which reads as follows: 'The evidence in this case establishes as a matter of law that Robert Austin, driver of the car with which plaintiff's car collided upon the occasion in question, occupied the relation of Independent Contractor to the defendant, Alexander Film Company, and under the law it is not liable for said Austin's negligence, if any.'"

Testimony introduced by plaintiff showed that the defendant company was engaged in picture screen advertising; that Robert Austin was employed by it to solicit from merchants advertisements of their businesses to be displayed on defendant's picture screens, and that the collision occurred while he was engaged in the pursuit of that employment.

Robert Austin was introduced as a witness for the defendant. He testified specifically to the facts specially pleaded in defendant's answer and quoted above, and no evidence was introduced of a contrary import. The testimony of one witness, that Austin told him that he was a representative of defendant and carried a business card so designating himself, and a letter by defendant to the Gainesville Ice Company referring to Mr. Bob Austin as "our representative," was not in any sense inconsistent with the facts testified to by Austin.

Briefs filed here by counsel for both parties show an extensive and able review of the authorities bearing upon the distinguishing features of the two relations of master and servant and independent contractor.

■ "The relation of master and servant is that which arises out of a contract of employment, express or implied, between a master or employer upon the one hand and a servant or employee upon the other hand." 39 C.J. p. 33.

Most of the definitions of master and servant are to be found in decisions distinguishing that relation from that of independent contractor.

In 23 Tex.Juris., beginning on page 539, definitions of the status of independent contractors, with discussion of facts necessary to establish it, appear in many subsequent pages of that text, with citation of numerous decisions of our higher courts pertinent thereto.

■ ·An extended discussion of the many decisions cited in briefs for both parties to this appeal becomes unnecessary in view of our conclusion that the opinion of the Commission of Appeals in National Cash Register Co. v. Rider, 24 S.W.(2d) 28, 30, which was expressly approved by our Supreme Court, is controlling and decisive of the question presented by the assignment of error now under discussion. In that case this is said: "In every case which turns upon the nature of the relationship between the employer and the person employed, the essen-

tial question to be determined is whether the employer had the right to exercise control over the details of the work. 19 A.L.R. 240; King v. Galloway (Tex.Com.App.) 284 S.W. 942, 944. * * * In Cunningham v. International Railway Co., 51 Tex. [503] 510, 32 Am.Rep. 632, the Supreme Court of this state says on this subject: 'In the first relation, that of master and servant, the master has the right to direct the conduct of the servant and the mode and manner of doing the work, and hence his corresponding liability for an improper execution of the same. * * * "He is deemed the master who has the supreme choice, control, and direction of the servant, and whose will the servant represents not merely in the ultimate result of the work, but in all its details." ' "

Following that announcement is a review of the testimony introduced and upon which the conclusion was reached that the relation of independent contractor between Rider and the defendant National Cash Register Company, who had employed him to sell its machines, was conclusively established as a matter of law. The uncontroverted testimony of Austin in the present suit was in all respects of the same purport as that in the Rider Case. Other decisions cited are in accord with the Rider decision, and we do not believe that any of the decisions relied on by appellee are in conflict with the conclusions there announced.

In 23 Tex.Jur. p. 545, this is said:

"The contract of employment governs the character of the relationship between the parties. Its terms may express the nature of the control to be exercised, and thereby establish its independence. * * *

"The outstanding and ultimately decisive consideration in determining the independence of the contract is the employer's right to control the details of the work. Actual interference with or regulation of details by the employer is, however, not of importance, except as it may constitute evidence; the test is the right to control."

The test there stated is in accord with all the authorities, an extended review of which is to be found in the opinion of the Supreme Court of Connecticut, reported in Nichols v. Hubbell, 92 Conn. 611, 103 A. 835, 19 A.L.R. 221, and the numerous decisions cited in the notes to that decision, beginning on page 226 of the same volume.

■ The uncontroverted testimony introduced shows conclusively that under Robert

Austin's contract of employment he had the exclusive right of control of all the details of the work he undertook to perform without interference therewith by the defendant. Nor was there any evidence to show that defendant did in fact attempt to control or claim the right to control any of the details of his work.

Under the foregoing authorities, we sustain the first assignment of error to the refusal of the court to instruct a finding by the jury to the effect that at the time of the accident Robert Austin was an independent contractor and not a servant of defendant. It occurs to us that to hold otherwise would lead to the conclusion that the relation of master and servant would be created with consequent liability of the employer for negligence of a trucker employed to haul a load of firewood with his own truck; or of a farmer employed to plow a field, using his own team and tools and doing the work in his own way; or of other employees to render service of like character under like conditions within the common experiences of everyday life, which, we believe, would be an unreasonable and unwarranted stretch of the doctrine of respondeat superior.

The decisions in which the question whether or not the relation of independent contractor was established, all turn upon the facts recited, but those facts are considered for the sole purpose of determining the terms of the contract of employment, either express or implied.

 The issues of fact submitted in special issue No. 1, already copied, embodied the test prescribed in the Rider Case for determining whether or not Austin was an independent contractor in the business he was pursuing, and therefore the court did not err in refusing defendant's request for a definition of that term in the abstract, especially so in the absence of a use of that term in the issues submitted.

The fact that at the time of the collision in controversy Robert Austin was pursuing the business of an independent contractor and not as the servant of defendant, as alleged by plaintiff, was of itself fatal to plaintiff's suit, notwithstanding the findings of the jury that the collision occurred by reason of the negligence of Austin and that plaintiff sustained the damages fixed by the verdict. Therefore, the determination of other assignments of error presented here becomes unnecessary.

Accordingly, the judgment of the trial court is reversed and judgment is here rendered that plaintiff take nothing by his suit, and that defendant go hence without day; and all costs of suit incurred in the trial court and in this court are taxed against plaintiff in the trial court and appellee here.