## REYNOLDS v. HARTFORD ACCIDENT & INDEMNITY CO.

### No. 9001.

Circuit Court of Appeals, Fifth Circuit.

Dec. 6, 1939.

Rehearing Denied Jan. 15, 1940.

John J. Watts, of Crane, Tex., for appellant.

James C. Wilson, Jr., of Fort Worth, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This suit was brought by Charles K. Reynolds against Hartford Accident & Indemnity Company for the recovery of disability benefits under the provisions of the Workmen's Compensation Act of Texas, Vernon's Ann.Civ.St.Tex. art. 8306 et seq. The evidence is in dispute, but Reynolds contends that he was working for the Continental Oil Company, a Delaware corporation, on its properties near McCamey, Texas; that while engaged in laying a pipe line for Continental Oil Company he strained and wrenched his back, injured his pelvis and sacrum, and suffered dislocation of his fifth lumbar vertebra.

Reynolds was engaged in performing unskilled labor such as cleaning grounds, helping mix concrete, loading and unloading trucks and laying down and taking up pipe lines. The foreman of Continental Oil Company taught him how to perform his work; fixed his hours of labor and directed him when and where to work, and the company could discharge him at will. His salary, however, was paid to him by one H. Y. Schrader. This man was engaged in the "trucking business" and had no connection with the Continental Oil Company except that from time to time, according to his testimony, he procured laborers and sent them to the Continental Company. The company paid him ten per cent plus the salary of each laborer who was accepted and put to work. Schrader further testified that he had no contract with Continental; that he did

not work for it; that he gave no orders to the men employed; that he never went about the work; that all he did was to send them out and pay them off.

When Reynolds received his injuries, The Employers' Liability Assurance Corporation, Limited, the compensation insurance carrier for H. Y. Schrader, sent him to the hospital where he was placed in a plaster cast and kept in that condition for several weeks. The insurance carrier voluntarily made payment of compensation benefits to Reynolds for thirty-one weeks and then discontinued the payments. A suit was pending between Reynolds and the Employers' Liability Assurance Corporation but was dismissed by him, he contending that he had received and come into possession of information which convinced him that he had sued the wrong employer and wrong insurance carrier. That suit was settled for five hundred dollars.

Thereafter Reynolds, who was still suffering from his injury, filed his claim against Hartford Accident & Indemnity Company with the Industrial Accident Board of Texas and alleged that he received his injuries while working for Continental Oil Company. His claim was denied and he brought suit against the Hartford Company for total and permanent disability.

On the hearing of the cause the plaintiff introduced his evidence and rested and the Court on motion instructed a verdict for the defendant on the following grounds:

1. That the plaintiff failed to show good cause for failing to file his claim within the six months period prescribed by law.

2. That, as a matter of law, plaintiff Charles K. Reynolds was not an employee of the Continental Oil Company of Delaware.

Appellant's specifications of error do not infract Rule 24 Briefs Sec. 2(b) of this Court, and the motion of the appellee to strike them is not well taken.

■ Has the appellant shown good cause for failing to file his claim within the statutory period? Reynolds was an uneducated laborer who wanted work. He was told that if he would report to a foreman of Continental Oil Company he would be put to work. Much evidence is to be found in the record as to who was the employer of this unfortunate man when he was injured. The evidence is in conflict. Moreover, the very able counsel on both sides could not and do not now agree as to who his employer was. Certain it is that when he was injured he was working either for Continental or Schrader. If the parties, witnesses, and lawyers could not find out and agree for whom he was working in twelve months, how could this uneducated and sorely injured laborer be expected to find out and know in six months? Under these circumstances if he has a bona fide claim, why should he be punished for failing to file his claim within the six months period?

When Schrader's insurance carrier sent Reynolds to the hospital and cared for him and paid him benefits, he was lulled into a sense of security. He believed that he was in the hands of his employer, and then he awakened to find that his compensation payments had been discontinued and that he had filed claim and brought suit against the wrong parties. Then when he brings this suit against Hartford he is not only informed that he has sued the wrong party but also that he is barred by his failure to file claim within the six months statutory period. We are constrained to believe that a preponderance of the evidence discloses that good cause has been shown for failure to file the notice within the six months. The question was one of fact and should have been submitted to the jury for its determination. Texas Employers' Ins. Ass'n v. Jones, Tex.Civ.App., 70 S.W.2d 1014; Texas Indemnity Ins. Co. v. Holloway, Tex. Civ.App., 30 S.W.2d 921, 925; Cf. Texas Employers' Ins. Ass'n v. Roberts, Tex.Civ. App., 116 S.W.2d 417.

■ Was Charles K. Reynolds an employee of Continental Oil Company? The evidence of the appellant, Reynolds, shows that Alfred Quibe, an employee of Continental Oil Company, came to his home and told him that Sam Jones, the Continental superintendent, said that if he would come out the next morning he would put him to work. He went out and secured the job and worked for Continental until he received his injuries. Schrader never gave him orders, never came on the job, and the only time Reynolds saw Schrader was when Schrader paid him off. The evidence, when considered fully and fairly, leads to the conclusion that the appellant was in the employ of the Continental Oil Company, and this question should have been submitted to the jury. Texas Reciprocal Ins. Ass'n v. Latham, Tex.Civ.App., 72 S.W.2d 648; Maryland Casualty Co. v. Donnelly, Tex. Civ.App., 50 S.W.2d 388; Blankenship v. Royal Indemnity Co., 128 Tex. 26, 95 S.W.

2d 366; Cf. Hartford Accident & Indemnity Co. v. Addison, 5 Cir., 93 F.2d 627.

The Court committed error in directing a verdict for Hartford Accident & Indemnity Company. In reversing this judgment and remanding the cause for another trial we, of course, adjudicate no facts.

The judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

Reversed and remanded.