## ESTHAY et al. v. SHERMAN.
### No. 10911.

Court of Civil Appeals of Texas. Galveston.
Dec. 7, 1939.

Rehearing Denied Jan. 4, 1940.

A. W. Marshall, of Anahuac, for appellants.

Bradford Pickett and P. C. Matthews, both of Liberty, for appellee.

GRAVES, Justice.

This concededly correct statement—interpolated only to the extent of the quoted recitation from their answer—is taken from the appellants' brief:

"This is a personal injury suit. Arthur G. Sherman, appellee, instituted this suit in the District Court of Chambers County, Texas, against D. Esthay, T. Esthay, and J. N. Simon, appellants, individually and as a partnership, for personal injury sustained by him while engaged in gathering logs for sawmill purposes. The specific allegations of negligence alleged by appellee against appellants were:

"a. That defendants were negligent in failing to exercise ordinary care to provide

plaintiff with the reasonable safe place and premises on which to perform his services.

"b. That defendants were negligent in failing to exercise ordinary care and prudence to provide a reasonable safe log skidder.

"c. That defendants were guilty of negligence in that they furnished and required plaintiff to operate and handle the log skidder without being properly fastened and stationed.

"d. Defendants were guilty of negligence in furnishing plaintiff with a chain upon said log skidder which was defective and insufficient.

"e. That defendants were guilty of negligence in failing to go upon the ground and properly supervise in the tying and fastening of said log skidder.

"Appellee further alleged that while engaged in operating and performing services for appellants in getting out logs, and as an employee of appellants, while engaged in such work, because of the negligence above set forth and alleged, that he sustained permanent injury as alleged and set forth in the petition of the plaintiff below.

"The appellants answered in said case by general denial and plea of not guilty. And by further plea that the plaintiff below was not an employee of the defendants 'nor had any sort of contract whatever with the said defendants. These defendants further say that they had a contract and agreement with E. H. Sherman, the father of Arthur G. Sherman, whereby and wherein the said E. H. Sherman, acting as an independent contractor, agreed to cut and deliver saw logs on the banks in the vicinity of Lake Charlotte, in Chambers County, and that for such logs so delivered the defendants agreed to pay the said E. H. Sherman so much for each thousand feet delivered.' Defendants further plead that they had nothing whatever to do with the cutting of said logs, did not know who owned the timber that the plaintiff was getting the logs from, and that they had no supervision whatever over the work and had nothing whatever to do with the method of performing the work, and that their only duty was to pay for said logs so delivered on the bank of the bayou when procured and placed there by the plaintiff. Defendants further alleged that this contract was originally had with E. H. Sherman, father of Arthur G. Sherman, and that E. H. Sherman abandoned said contract to his son, Arthur

G. Sherman, who advised defendants that he was going to take up his father's contract and carry it through.

"Upon trial of the case with the jury and on answers to the special-issues submitted to the jury by the court, the court rendered judgment in favor of the plaintiff, Arthur G. Sherman, for the sum of Seven Thousand Five Hundred Dollars ($7,500.00). A motion for new trial was duly made and by the court overruled, and appellants have duly perfected their appeal to this court."

The material substance of the jury's findings was this: (1) That appellee was not performing the duties of the work in which he was engaged when injured either as an independent contractor or for his father, E. H. Sherman, but as an employee of the appellants; (2) that appellants were not negligent toward him in having failed to provide the appellee either a reasonably safe place on which, or a reasonably safe log-skidder with which, to perform his work; (3) that they were guilty of negligence toward him that proximately caused his injuries, both in failing to safely fasten and station the log-skidder in question, and in actually furnishing him with a defective chain with which to fasten and station such log-skidder, as well as in having failed to go upon the ground and observe the tieing and fastening of such log-skidder.

■ It is thought the controlling question the appeal presents is whether or not the pleadings and evidence were sufficient to support the theory upon which the challenged judgment was rendered; that is, that the appellee was properly found to have been an employee of the appellants in the work he was doing for them when injured, rather than acting in the capacity of an independent contractor toward them; the appellee questions the sufficiency of appellants' pleadings to raise the specific issue the trial court submitted under inquiry No. 1 as to whether he was an independent contractor, in that, as he contends, they only alleged that his father, E. H. Sherman, was an independent contractor—not that he himself was one; this is deemed to be hypercritical, however, since, as the quoted statement supra has shown, appellants went further and specifically averred that, while the original contract for the work had been made with appellee's father as an independent contractor, the appellee had succeeded his father therein and had "advised defendants he was going to take up his father's contract and carry it

through." Thus was a sufficient predicate laid for the appended claim that the son also had been an independent contractor in so executing the work.

This question then gets back to whether or not the jury's finding that the appellee was such an employee rather than an independent contractor had sufficient support in the evidence; while it is not incumbent upon this court to restate the evidence on the subject, this brief résumé of it is thought to plainly support the verdict and judgment rendered to the effect that appellee was such an employee, rather than an independent contractor, and in consequence to definitely classify this cause within the appended line of holdings:

■ "* * * the timber being cut and removed by appellee and his co-worker, Fred Fontenot, was that of appellants; all machinery and tools used in connection with the job belonged to appellants and was by them furnished and delivered on the ground to appellee and his co-worker, at a place and point of appellants' selection, with full instructions as to how to station same, as well as operate it. The oil and gasoline necessary for the operation of the log-skidder was furnished by appellants, as well as the axe and the saw; appellants directed the kind and length of timber to be cut and snaked to the bank, as well as, while on the ground on one occasion, directed appellee and his co-worker to cut a particular tree out of the lowlands, which tree was situated upon the banks of the marsh near the location of the log-skidder; and further, appellants held appellee out as their employee and so considered him as such—or at least until they ascertained that their Louisiana Compensation Insurance did not cover the operations in question. There was very little left in the way of control, detail, or matters to be bossed or directed. Appellee was an experienced log-cutter and sawyer; hence, it was unnecessary to have some one on the ground telling him how to fell and saw the trees, he having already been directed by appellants as to the lengths of each cut. After the log-skidder had been set up and stationed, its operations in the particular involved, were evidently simple, and needed no instructor of appellants on the ground for the purpose of directing its operation. The fact that appellants, or one of them, only visited the scene of operations one time, cannot be considered especially significant of a contrary relationship to that of employer and employee, since the accident occurred on the third day after the beginning of the work." Alexander Film Co. v. Williams, Tex.Civ.App., 102 S. W.2d 514; Blankenship v. Royal Indemnity Co., 128 Tex. 26, 95 S.W.2d 366; Glazier v. Roberts, Tex.Civ.App., 108 S.W.2d 829; 23 Tex.Jur., sec. 8, p. 550; James A. Dick Co. v. Yanez, Tex.Civ.App., 55 S.W.2d 600; Jones v Fann, Tex.Civ.App., 119 S.W.2d 735.; King v. Galloway, Tex.Com.App., 284 S.W. 942; Knight v. Lewis, Tex.Civ.App., 283 S.W. 542; Northern Texas Traction Co. v. Bruce, Tex.Civ.App., 77 S.W.2d 889; West Lumber Co. v. Smith, Tex.Civ.App., 283 S.W. 1104; Western Weighing & Inspection Bureau v. Armstrong, Tex.Civ. App., 281 S.W. 244.

■ ■ Under these facts and the cited holdings of our courts in like or similar situations, especially those in the Blankenship, Glazier, Fann, Galloway, and West cases, it seems obvious that appellants' major contention, to the effect that the undisputed evidence showed appellee to have been acting as an independent contractor cannot be sustained; indeed, rather would it be more consonant with the trend of judicial decisions to hold that a presumption of the relationship of employer and employee arose out of these dealings and circumstances that appellants in no manner overcame—the burden to do so being thereby plainly cast upon them.

■ Neither is the assignment against the trial court's definition of "the term employee" well taken; in the first place, it fails to point out in what particular the definition is improper, nor does it suggest what would have been a proper one, the definition given being as follows: "By the term 'employee', used in the foregoing special issue, is meant every person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details as to how the work is to be performed."

■ ■ This court finds no fault with the declaration, but regards it as coming well within our authorities on the subject, especially that enunciated in King v. Galloway, Tex.Com.App., 284 S.W. 942.

There are other questions discussed in the briefs, but under the dominating influence of the one fact issue, as to whether or not the appellee was an employee or an independent contractor, they seem to this

court to have related to evidentiary details, rather than ultimate issues of fact—such, for instance, being the special issues requested by appellants under their Nos. 4, 5, 6, and 7; these tendered inquiries merely split up the ultimate issue of whether the appellee was an independent contractor into the inconclusive details of whether he had control over the minutiae of his work, whether the appellants only had the right to control the result of his undertaking, whether he had control of the details of actual operation of the winching machine and log-skidder, and, finally, whether he himself had control of the selection and felling of particular trees cut.

 Under what has been said, it seems obvious that these inquiries at most only sought to elicit evidentiary matters, hence their refusal did not constitute reversible error.

These conclusions require an affirmance of the trial court's judgment; it will be so ordered.

Affirmed.