## BENNETT v. GREAT AMERICAN INDEMNITY CO.

### No. 11992.

Circuit Court of Appeals, Fifth Circuit.

Dec. 4, 1947.

Ralph Gillen and Judson Francis, both of Dallas, Tex., for appellant.

Tom S. Milam, of Sherman, Tex., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

This is a workman's compensation case under the Texas statute, Rev.Civ.Stat. art. 8301 et seq., Vernon's Ann.Civ.St.Tex. art. 8301 et seq. Appellant Lester Bennett alleged that he was an employee of Shaw & Estes, general contractors, insured under the act with defendant, Great American Indemnity Company, appellee; that in the course of his employment, on August, 31, 1945, the scaffold on which he was working fell and he sustained injuries to his right arm, shoulder, neck, and back; and that those injuries have permanently disabled him for labor. Appellant had filed a claim with the Industrial Accident Board on March 14, 1946, which was denied. At the conclusion of the evidence, the court granted defendant's motion for an instructed verdict. Judgment was rendered for defendant on February 10, 1947.

On appeal, appellant's specifications of error are that the court erred in holding there was no evidence showing or tending to show that appellant had good cause for his failure to file his claim within the statutory period; and that the court erred in holding that the evidence showed conclusively and as a matter of law that appellant was an independent contractor and not an employee of Shaw & Estes; and that the court erred in sustaining appellee's motion for an instructed verdict.

To take the second specification first, appellant's regular business was that of a brick contractor. The men under him were hired by him, paid by him, and worked under his instructions. He paid the Social Security taxes on the wages of his men. There is some evidence to show that appellant himself was under the supervision of the superintendent of the general contractors, but the evidence as a whole justifies but one inference, and that is that the supervision extended only to the point of seeing that the work done by the appellant and his men was in accordance with the plans and specifications. Cf. Blankenship v. Royal Ind. Co., Tex. Com.App., 95 S.W.2d 366, 368. The fact,

stressed by appellant, that Shaw & Estes, the general contractors, furnished the materials does not of itself show that the appellant was an employee. The evidence justified the lower court in holding that the relation between Bennett and Shaw & Estes, was, as a matter of law, that of independent contractor and contractee. That being so, Bennett cannot claim compensation, and the court's action in directing the verdict must be sustained.

Even if we were to concede arguendo that appellant was not an independent contractor but an employee, the burden was upon him to file his claim within six months of the date of injury or to show good cause for failure to do so. The claim for compensation was not filed with the Industrial Accident Board within the statutory period. The Texas statutes provide, in article 8307, § 4a, that a claim for compensation shall be made within six months from the date of injury, but provide further that for good cause the Board may, in meritorious cases, waive strict compliance with the requirement. The only ground of good cause alleged by Bennett for his failure to file his claim within the time required is that he was advised by the doctor to whom he was sent by Shaw & Estes that he would be incapacitated for two or three months, but that he would be cured and able to return to work at the expiration of that time. In his pleadings and in his brief, appellant places great reliance upon this statement of the doctor. But his whole testimony shows that he knew that he had sustained a severe injury; that it was necessary for him to use crutches for two weeks after the injury; and that for a long time he could not do any manual labor and suffered acute pain. Moreover, he went from doctor to doctor and continued under treatment for many months. In such circumstances, it is our opinion that reasonable minds could not differ on the proposition that the appellant knew, or by the use of reasonable diligence should have known, that he was seriously disabled, and that successfully to claim compensation his claim should be filed within the statutory period. Sandage v. Traders & General Ins. Co., Tex.Civ.App. 140 S.W.2d 871; Middleton v. Hartford Accident & Indemnity Co., 5 Cir., 119 F.2d 721; and Mayers v. Associated Indemnity Corporation, 5 Cir., 108 F.2d 89. On this point also the trial court's direction of the verdict must be sustained.

The judgment appealed from is affirmed.