Burt WILLIAMS, Appellant,

v.

The AETNA CASUALTY & SURETY COMPANY, Appellee.

No. 16174.

United States Court of Appeals
Fifth Circuit.

Dec. 26, 1956.

Harry H. Burns, Houston, Tex., Burns & Grumbles, Houston, Tex., for appellant.

W. N. Arnold, Jr., Houston, Tex., Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., of counsel, for appellee.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a judgment entered notwithstanding the verdict in a Texas workmen's compensation case in which the critical question is whether the injured employee had good cause for failing to file a claim within the six months statutory period.

■ The suit filed by appellant alleged that he was injured on May 5, 1950. His claim was not filed with the Industrial Accident Board until September 7, 1954. Under the Texas law such a claim is required to be filed within six months, but it also provides: "For good cause the board may, in meritorious cases, waive the strict compliance with" the limitation as to filing of the claim before the board. There is no contention here that notice of the injury was not given as required by the statute. The parties agree that the question whether good cause is shown depends upon whether the claimant acted with ordinary prudence. This is, of course, ordinarily a question of fact. It can be concluded against the claimant as a matter of law "only when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion." Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370, 372. See this Texas Supreme Court case also for other cases there cited.

With this standard in mind, we must examine the substantially undisputed facts that appellant puts forward to excuse this extremely long delay, which is considerably more extensive than that allowed in any case brought to our attention.

The trial was had before a jury to which special interrogatories were submitted. No claim is made by appellee that if the jury's finding as to the existence of good cause is to stand there is any other basis for the judgment in its favor below.

■ The evidence submitted to the jury in support of appellant's contention is substantially as follows:

Williams was hurt on May 5, 1950, when he and another were carrying a heavy pipe and the companion dropped his end, thus throwing more weight on Williams. He immediately reported this injury to his foreman and went home and to bed. He was examined without X-ray several days later by a Dr. Parker who gave him a shot of penicillin and told him to go to the plant doctor, Dr. Darnell. He went to Dr. Darnell three or four days later, as soon as he could get about, and gave him a history of the injury. Dr. Darnell sent him to an orthopedic surgeon who in turn sent him to an X-ray specialist for X-rays. By this time he had had three or four treatments by Dr. Parker and he felt better and returned to work. This was approximately two weeks after the injury. He reported back to Dr. Darnell upon returning to work. After working two weeks he was called in by Dr. Dar-

nell who showed him the X-rays and said, according to the testimony of the claimant, "Burt, I don't see nothing here but arthritis."

Williams testified he had confidence in Dr. Darnell and he believed he had arthritis and that he did not connect the arthritic condition with his injury. He stayed on light work for two weeks and then went back to his regular duties. He started suffering in his leg and back soon after, but said he kept on working simply because he was trying to hold his job. He went alternately to two doctors and asked for shots for arthritis and his wife treated him at home for arthritis. He also went to the company dispensary "all along" where he got heat treatments from Dr. Darnell. In August, 1954, he testified, he quit because "I just wasn't able to work; I had gone as far as I could."

Soon thereafter Williams's wife saw an article in a newspaper relating to back injuries and when she showed it to him he determined to ask Dr. Darnell to examine him again, saying to him: "Dr. Darnell, this is something here that seems like to me that I have ruptured discs." Thereupon Dr. Darnell examined him again and took him in his car to Dr. Casey. Dr. Casey put him to bed and diagnosed his injury as three herniated discs. Williams thereupon promptly consulted a lawyer and filed his claim.

With this evidence, considerably more elaborated on by the witnesses, before them, the jury found that good cause had been shown for appellant's failure to file his claim earlier. The trial court, on motion for judgment n. o. v., held that the facts here brought the case in line with Bennett v. Great American Indemnity Co., 5 Cir., 164 F.2d 386, and American Motorists Insurance Co. v. Boortz, 5 Cir., 197 F.2d 900, and granted the motion and entered judgment for the defendant.

We think this was error. The most recent case decided by this Court in which the issue of good cause was raised is National Automobile & Casualty Ins.

Co. v. Shawver, 5 Cir., 222 F.2d 764. In that case there was a failure to give notice within the 30 day limit provided in the law, and we held that the testimony of the injured man and his wife that he thought he had a kink in his back and would get over it was sufficient to create a factual issue as to good cause. Here there is the very significant fact that Williams gave immediate notice and went to the company's own doctor for diagnosis. When the doctor told him, upon taking X-rays, that he saw nothing but arthritis and Williams knew that arthritis was not connected with his accidental injury, the jury could well believe, as he testified, that he thought from that time until he read the newspaper article on disc injuries that his disability was caused by arthritis and not by the injury. The jury found that the inferences Williams drew from Dr. Darnell's interpretation of the X-rays were such as a reasonably prudent man might make. We think such finding by the jury was permissible from the evidence.

The cases applying this law all turn on issues of fact. We think this case is distinguishable on its facts from the two cited by the trial court and it falls rather in the group in which the courts have taken the more liberal view that is indicated by the Texas Supreme Court in Hawkins v. Safety Casualty Co., supra. The trial court should have entered judgment on the jury's finding that good cause existed for the failure to file the claim on time.

■ There is a secondary issue which arose by the failure to submit an interrogatory to the jury as to the time of commencement of the total disability. In this circumstance the court made a finding as to this matter as authorized by Rule 49(a), Fed.Rules Civ.Proc. 28 U.S.C.A. He found that the permanent disability commenced on August 9, 1954, when Williams quit his job.

Appellant contends that the evidence demands a finding that he was disabled during the entire period of four years. We conclude that there was sufficient

evidence to support the trial court's finding on this matter and it cannot be set aside as clearly erroneous.

The judgment is reversed and remanded with directions that judgment be rendered in favor of the plaintiff as for total disability covering the period found by the trial court.