**ANCHOR CASUALTY COMPANY, also
known as Agricultural Insurance
Company, Petitioner,**

v.

**O. E. HARTSFIELD, Respondent.
No. A–10474.**

Supreme Court of Texas.

May 5, 1965.

Rehearing Denied June 9, 1965.

Foreman, Dyess, Prewett, Henderson & Cantey and William R. Powell, Houston, for petitioner.

Brown, Kronzer, Abraham, Watkins & Steely and Robert Roch, Houston, for respondent.

STEAKLEY, Justice.

The crucial question in this workmen's compensation case is the status of O. E. Hartsfield, Respondent, at the time of his injury, i. e., whether he was an employee of Wolff Construction Company [1] or an independent contractor. Upon trial, and in answer to Special Issues Nos. 1 and 2, the jury found that Hartsfield was the former and was not the latter. Additionally, the jury found that he was totally and permanently

---

1. Wolff Construction Company is a partnership composed of Walter F. Wolff and his father, H. G. Wolff.

disabled and should be paid in a lump sum. However, the trial court rendered judgment non obstante veredicto for the defendant, Anchor Casualty Company. Hartsfield appealed but died during the pendency of his appeal. The Court of Civil Appeals substituted his widow as appellant and held that the evidence amply supported the findings of the jury that Hartsfield was an employee of Wolff and was not an independent contractor. It reversed the judgment of the trial court and ordered judgment to be entered in the trial court in accordance with the verdict of the jury. 383 S.W.2d 455.

Anchor Casualty Company is Petitioner here. We granted writ of error upon its points of error asserting, in effect, there is no evidence to support the finding of the jury, and the judgment based thereon, that Hartsfield was an employee of Wolff. Anchor also asserts that in any event recovery is limited to the period of time between the date of Hartsfield's injury and the date of his death since he had no judgment at the time of his death in which his original cause of action could merge. We reverse the judgment of the Court of Civil Appeals and affirm that of the trial court and so do not reach the second problem.

The substantial facts are undisputed.[2] Hartsfield was an experienced finish carpenter. Wolff Construction Company was engaged in the business of carpentry contracting. Hartsfield had performed services for Wolff since 1951 or 1952 on an irregular basis. In 1961 Hartsfield worked on separate apartment jobs in the city of Houston identified as the Attucks Street job, the Seventeenth Street job and the Six and one-half Street job. He was injured on the last job. The owner and general contractor was W. D. Smith. Smith furnished all the materials. Wolff was the subcontractor for all the carpentry work. Hartsfield did the trim and finish work in the apartments which were "just alike." He furnished his own tools. He was paid $175.00 for his work on each apartment; he drew his compensation on a weekly basis determined by the extent of completion. Hartsfield was not carried on the payroll of Wolff as an employee and neither social security nor income tax payments were withheld from the compensation paid him. Hartsfield was not required to start to work or quit work at any particular time or to work any particular hours a day; he usually worked the same hours as the other carpenters who were regular employees of Wolff.

In addition to the foregoing, it was Hartsfield's testimony that he would have obeyed anything that Wolff told him to do; that Wolff came around twice daily and if anything had not been done to suit him that it would have been fixed like he wanted it; and that in one instance Wolff had him change the location of a cabinet. Walter Wolff testified that he checked his hourly employees at all times but checked Hartsfield when he was through with an apartment or a certain portion of it and wanted to draw some money; that the manner in which Hartsfield was working and "how he did it productionwise was of no concern of mine"; that the work had to be done up to a certain standard but how Hartsfield went about doing it was entirely up to him. He denied giving Hartsfield any instructions as to the details of the work and did not recall the cabinet change. He considered the men who worked for him by the hour as his employees. They started work at a given hour in the morning, ate lunch at a given hour for a certain length of time and quit work when they were told; whereas, those working in the manner of Hartsfield were free to start and stop work as they elected, and the only requirement was that they finish the particular job by a certain time.

2. There is a sharp dispute in the evidence regarding a purported contract in writing which Petitioner contends establishes the relationship of independent contrac-tor as a matter of law. It is not necessary for us to consider this problem under our disposition of the case.

Hartsfield's son, who worked with his father at times on the Wolff jobs, corroborated the testimony of his father to the effect that he would have followed any instructions or supervisory acts of Wolff. A workman named Doyle G. Filley was called as a witness by Anchor. He testified that he was working on the same job with Hartsfield. On cross-examination he stated he recognized the right of Wolff to tell him how he wanted things done and that he would have made any changes suggested by Wolff. He did not testify to any changes which he made for Wolff or to any actual supervision over him by Wolff.

■ Section 1 of Article 8309, Revised Civil Statutes of Texas, 1925, defines an employee as meaning " * * * every person in the service of another under any contract of hire, expressed or implied, oral or written * * *." The burden of proof was upon Hartsfield to show that at the time of his injury he was an employee within the meaning of the Workmen's Compensation Act. The parties agree that right of control is the determinative test of whether the workman is an employee or an independent contractor, and hence whether or not the workman qualifies for compensation under the Act. Newspapers, Inc. v. Love, 380 S.W.2d 582 (Tex.1964); Elder v. Aetna Casualty Surety Co., 149 Tex. 620, 236 S.W. 2d 611 (1951); Industrial Indemnity Exchange v. Southard, 138 Tex. 531, 160 S.W. 2d 905 (1942). It is Anchor's position that there is no evidence of the requisite right of control. Hartsfield states that the question is "whether or not there is any evidence that supports the jury's finding that the Wolffs had a right to control more than the end results of O. E. Hartsfield's work."

■ The facts that the work by Hartsfield required some special skill, that he furnished his own tools, that he was doing a particular job according to predetermined plans, that he could come to work and leave at times within his discretion, that he was paid by the job, and that he was not carried on the payroll or on social security and income tax withholding rolls of Wolff, establish that Hartsfield was an independent contractor. Pitchfork Land and Cattle Co. v. King, 162 Tex. 331, 346 S.W.2d 598 (1961), and Southard, supra. There is no evidence of the exercise by Wolff of control over the details of Hartsfield's work and the only evidence of Wolff's right to control more than the end results rests in the testimony that Wolff could have told Hartsfield anything he wanted done and he would have done it. This testimony, and that of the one cabinet move to which Hartsfield testified, is no more than a scintilla of evidence of the requisite right of control. It follows that the only reasonable conclusion inferable from the facts is that Hartsfield was not an employee but occupied the status of independent contractor as a matter of law. Cf. Dave Lehr, Inc. v. Brown, 127 Tex. 236, 91 S.W.2d 693 (1936), and Shannon v. Western Indemnity Co., 257 S.W. 522 (Tex. Com.App.1924). In Newspapers Inc. we recognized the highly important evidential element of actual exercise of control in establishing the employee relationship in cases where the terms of employment are indefinite. Elder drew this distinction with Carter Publications, Inc. v. Davis, 68 S.W.2d 640 (Tex.Civ.App.1934, writ ref.), and other cases, by emphasizing that "they show no such control over all the details of the work to be done as that exercised in this case * * *." See also Halliburton v. Texas Indemnity Insurance Co., 147 Tex. 133, 213 S.W.2d 677 (1948), Southern Underwriters v. Samanie, 137 Tex. 531, 155 S.W.2d 359 (1941), and Blankenship v. Royal Indemnity Co., 128 Tex. 26, 95 S.W.2d 366 (1936).

We hold there was no evidence to support the finding of the jury that Hartsfield was an employee of Wolff and that the trial court properly rendered judgment for Petitioner notwithstanding the verdict of the jury.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.