Jesus GARZA et al., Appellants,

v.

AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Appellee.

Jesus M. RODRIGUEZ et al., Appellants,

v.

AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Appellee.

Nos. 14985, 14986.

Court of Civil Appeals of Texas, San Antonio.

May 12, 1971.

Robert O'Conor, Jr., Philip A. Kazen, Laredo, for appellants.

Dyer, Redford, Burnett, Wray, Woolsey & Dunham, Corpus Christi, George P. Kazen, Laredo, for appellee.

BARROW, Chief Justice.

Take-nothing summary judgments were entered in these two suits to recover compensation and medical expenses under the Texas Workmen's Compensation Act. The crucial question in both appeals is the status of appellant, Jesus M. Rodriguez, at the time of the accident in which both men were injured; that is whether he was an employee of Thom McAn Shoe Company, Inc. or an independent contractor. The two cases were not consolidated either in the trial court or in this Court, but present common questions of facts and law.[1]

Thom McAn operates a retail shoe store in Laredo. Rodriguez was an independent paint contractor in said city who usually obtained his jobs through Sherwin Williams Paint Company or Laredo Paint Company, the two largest paint dealers in Laredo. He had painted the shoe store on several occasions over a fifteen-year period prior to 1967. On June 13, 1967, Melville Shoe Corp. of New York City, the parent corporation of Thom McAn, mailed a requisition to Rodriguez inviting him to submit a bid to supply the material and perform the paint work as described in the specifications attached thereto. Attached to this requisition were detailed specifications identified as TM 102, which called for the furnishing of the labor and materials necessary to paint the exterior of the Laredo store. Since Rodriguez did not read or write English, he took the specifications to the Sherwin Williams store where the manager helped him prepare a written bid dated June 20, 1967, whereby he agreed to furnish the materials and perform the labor as per TM 102 for the agreed price of $250.00. This bid was mailed to the Melville Shoe Corp. in New York City. On June 28, 1967, Melville Shoe Corp. issued its invoice accepting Rodriguez' bid. No time was set for performing the job, but Rodriguez was to start work whenever he could. The invoice provides in part: "The above work will be turned over to us complete and satisfactory for the sum of $250.00."

Appellant Garza, the nephew of Rodriguez, was employed full-time as a painter at Laredo Air Force Base, however, he occasionally helped Rodriguez in his spare time. He was usually paid by Rodriguez for doing such work; although, some work was done free because of the uncle-nephew relationship. Garza agreed to help Rodriguez on this job and was to be paid $3.75 per hour by Rodriguez. Garza had no contact whatsoever with anyone connected with Melville Shoe Corp. or Thom McAn. The two men borrowed a scaffold from another painting contractor and on July 23, 1967, applied the primer coat to the store's exterior. On Sunday, July 30, they returned to finish the job. While doing so, the scaffold slipped; and both Garza and Rodriguez were thrown to the ground whereby they sustained serious, disabling injuries requiring extensive medical treatment. No one from Thom McAn or Melville Shoe Corp. was present on either July 23rd or July 30th.

The Supreme Court has recently considered the question of employee-independent contractor status in Anchor Casualty Co. v. Hartsfield, 390 S.W.2d 469 (Tex.1965). It was there held: "The facts that the work by Hartsfield required some special skill, that he furnished his own tools, that he was doing a particular job according to

[1]. Appellant Garza did not file a motion to consolidate, and his brief simply adopts the assignments of error in the brief filed by Rodriguez in our No. 14986.

predetermined plans, that he could come to work and leave at times within his discretion, that he was paid by the job, and that he was not carried on the payroll or on social security and income tax withholding rolls of Wolff [the alleged employer], establish that Hartsfield was an independent contractor." See also: Pitchfork Land & Cattle Company v. King, 163 Tex. 331, 346 S.W.2d 598 (1961); Industrial Indemnity Exchange v. Southard, 138 Tex. 531, 160 S.W.2d 905 (1942); Goodnight v. Zurich Insurance Co., 416 S.W.2d 626 (Tex.Civ. App.—Dallas 1967, writ ref'd n. r. e.).

■ The facts in our case are much stronger than in *Hartsfield*. Rodriguez possessed special skills in that he was a painter which line of work was wholly unrelated to the work of Thom McAn. He agreed to furnish the materials and labor necessary to perform the job in accordance with detailed specifications and a written proposal. He was his own boss insofar as the time of performance of the work was concerned. He was paid an agreed price of $250.00 as bid by him for furnishing the materials and labor necessary to accomplish the specified work. He was not carried on Thom McAn's payroll, and no social security or income tax was withheld by Thom McAn for either Rodriguez or Garza.

Rodriguez urges that since the written contract of June 28, 1967, provides in part that Thom McAn was to be the sole judge of the acceptable quality of all materials and labor necessary to complete the job, it thereby retained the right of control. It is settled that the mere fact that a party has a right to control the end result does not establish an employer-employee relationship. Anchor Casualty Company v. Hartsfield, supra. In Goodnight v. Zurich Insurance Co., supra, it was held that the mere fact that a general contractor has a

right to supervise the work to see that the plans and specifications are being complied with by a subcontractor does not amount to such control or right of control as would change the status of independent contractor. Thom McAn's requirement that union labor be used was simply a part of the specifications of the job, and is not evidence of a right to control the work.

We conclude that Rodriguez was an independent contractor in performing the work required by TM 102. Since the undisputed evidence establishes that Garza's only connection with this work at the time of his injury was as an employee of Rodriguez, he was not an employee of Thom McAn under the provisions of Article 8309, Section 1, Vernon's Annotated Civil Statutes.

■ Insofar as appellant Garza is concerned, it is urged that a fact issue is raised as to whether or not Thom McAn entered into the contract with Rodriguez with the purpose and intention of avoiding liability under the Texas Workmen's Compensation Act, and that therefore Garza would be Thom McAn's employee under Article 8307, Section 6, V.A.C.S. Such contention is without merit. There is no pleading and no evidence whatsoever which could support such a contention. It is true that the invoice to Rodriguez contained a "hold-harmless agreement," but this does not amount to a scintilla of evidence that the purpose of the sub-letting of this painting contract was to avoid liability under the Texas Workmen's Compensation Act.

The trial court properly granted appellee's motions for summary judgment since the summary judgment record establishes that Rodriguez, the employer of Garza, was an independent contractor at the time the injuries were sustained by appellants.

The judgment is affirmed.