# APRIL, 1942

INDUSTRIAL INDEMNITY EXCHANGE v. MRS. VERA CHRISTINE SOUTHARD, ET AL.

No. 7853. Decided April 1, 1942.
(160 S. W., 2d Series, 905.)

B. F. *Edwards,* of Clarksville, *Andrews, Kelley, Kurth & Campbell,* of Houston, *Lightfoot, Robertson & Gano,* of Fort Worth, and *Greenwood, Moody & Robertson,* of Austin, for plaintiff in error.

*Pat Beadle and Burnell Waldrep,* both of Clarksville, for defendants in error.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is a workmen's compensation case. It was alleged that Elbert Vaughan Southard, the husband and father of defendants

in error, was an employee of the Kurth Lumber Manufacturing Company when he received the injuries resulting in his death. This suit was instituted in the district court to set aside an award by the Industrial Accident Board in favor of Mrs. Vera Christine Southard and her minor son, Damon Labon Southard. Trial was to a jury which found that Southard died as a result of the injuries received by him while unloading logs for said Kurth Lumber Manufacturing Company, and that the Lumber Company retained the right to control the means and method used by deceased in performing the details of the work in which he was engaged. Upon these findings judgment was entered for Mrs. Southard and her son. The Industrial Indemnity Exchange moved for an instructed verdict, and after the verdict was returned it moved for judgment non obstante veredicto. Both motions were refused. The Court of Civil Appeals, by a divided court, affirmed the judgment of the trial court. 147 S. W. (2d) 939. A writ of error was granted.

The sole question presented is whether the deceased was at the time of receiving the injuries resulting in death an employee of the Kurth Lumber Manufacturing Company, within the meaning of the Workmen's Compensation Act (Articles 3306-8309, Vernon's Annotated Civil Statutes), or was an independent contractor.

The essential facts are as follows: The Kurth Lumber Manufacturing Company was engaged in operating a sawmill at Clarksville, Texas. Trees were felled in forests some distance from the sawmill, and after the necessary trimming were hauled by trucks, part of the way over roads constructed by the Lumber Company in the forest, and part of the way over public roads, to the sawmill. The Lumber Company bought the standing timber, felled the trees, cut and trimmed the logs, laid out and maintained the roads from places in the forest where the timber was cut to the public road. It was necessary to use teams in loading the logs on trucks for hauling from the forest to the sawmill. At the sawmill the Lumber Company provided a crane to be used in unloading the logs, and supervised their unloading. The trucks used in hauling the logs to the sawmill did not belong to the Lumber Company, and the truck used by Southard was owned by him; and he paid for its upkeep and for the gasoline and oil used in its operation. In some instances the owners of the trucks did not personally operate them, but employed drivers to do this work. The owners of the trucks were compensated by the Lumber Company on

a quantitative basis,—that is, at so much per one thousand feet of logs hauled. Southard was at liberty to haul or not to haul logs at any time. He could determine the number of hours and the number of logs he would haul per day. It was the policy of the Lumber Company, when it became necessary to reduce the number of trucks engaged in hauling, to give preference to the trucks with the greatest seniority in point of time. Southard had been hauling logs for the Lumber Company for about four years. The Lumber Company's woods foreman, whose duty it was to keep the mill supplied with logs, testified that if the truck drivers knew of any better roads than those laid out by the Lumber Company in the forest, the truck drivers were at liberty to use them. There was only one public highway leading into the town of Clarksville from the territory where the logs were cut, and it was therefore necessary for the truck drivers to use that one road. The woods foreman of the Lumber Company gave out a letter to the truck drivers, advising against reckless driving and urging the truck drivers to drive carefully and obey traffic regulations. Southard, after arriving at the unloading place at the sawmill, in attempting to loosen the chain that held the load on his truck, sustained injuries. The foregoing facts appear to be undisputed.

■ Where there is no dispute about the controlling facts, and there is but one reasonable conclusion that can be inferred from such facts, the question of whether Southard was an employee or an independent contractor is one of law, and not of fact.

■ The burden of proof is on a compensation claimant under the Workmen's Compensation Act to show that at the time of his injury he was an employee within the meaning of such Act. Article 8307, Section 5; Shannon v. Western Indemnity Co. (Com. App.), 257 S. W. 522; Liberty Mutual Ins. Co. v. Boggs (Civ. App.), 66 S. W. (2d) 787, 793; Traders & General Ins. Co. v. Jones (Civ. App.), 95 S. W. (2d) 189. An employee as defined in the Workmen's Compensation Act is "A person in the service of another under any contract of hire, express or implied, oral or written." It is often difficult to distinguish between one who is termed an independent contractor and one who is simply an employee. The chief difficulty lies in applying the general rule to the facts of each particular case. The results reached in applying the rule to particular cases are extremely contradictory. Many definitions of what is meant by the term "independent contractor" have been given.

They all rest substantially on the same basic principle. In the case of Shannon v. Western Indemnity Co. (Com. App.), 257 S. W. 522, this Court announced, as the basis for the opinion rendered in that case, the following definition:

"A contractor is any person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details."

In 2 Words and Phrases, Second Series, p. 1034, the following definition is given:

"An 'independent contractor' is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer except as to the result of the work."

■ The general rule relating to independent contractors rests upon certain recognized tests; although such tests are not necessarily concurrent with each other, nor is each test in itself controlling. Such tests are: (1) The independent nature of his business; (2) his obligation to furnish necessary tools, supplies, and material to perform the job; (3) his right to control the progress of the work, except as to final results; (4) the time for which he is employed; and (5) the method of payment, whether by time or by the job. There are other tests, but the foregoing are considered the essential tests upon · which such rule is based.

If Southard was an independent contractor at the time he received his injuries resulting, in death, defendants in error are not entitled to recover in this suit.

■ It is undisputed that Southard was to furnish his own truck, and that he was to pay for its upkeep; that he could begin work when he pleased, and haul as many or as few loads per day as he saw fit; and it is also undisputed that he was not paid by the hour or by the day for his work, but that his compensation rested solely upon the amount of logs that he hauled. It is undisputed that the Lumber Company required a great number of logs for its sawmill, and many persons, including Southard, were engaged to haul such logs with trucks; that the Lumber Company used a foreman in the woods to supervise the loading of the logs on the trucks, and that it

also had a foreman to supervise the unloading when the logs reached the sawmill in Clarksville. But it is contended that, because the Lumber Company supervised the loading and unloading of the logs, that made Southard an employee of the Lumber Company. This contention is further supplemented by the statement that the woods foreman wrote a letter to the truck drivers, advising them against driving recklessly and urging them to drive carefully and obey traffic regulations. It is also undisputed that Southard furnished and fastened the chain that held the logs on his truck.

Under the undisputed facts, it is quite obvious that it was necessary for the Lumber Company to exercise some supervision over the loading and unloading of the trucks, if the hauling of the logs was to be done efficiently and expeditiously. If this had not been done, much danger and confusion would have been the inevitable result. Under the facts of this case, such supervision did not create the relationship of master and servant between the Lumber Company and the haulers of the logs; nor did it change the status of the contracting parties and make southard, an independent contractor, an employee of the Lumber Company. The courts of this State have repeatedly held that an employer has the right to exercise such control over an independent contractor as is necessary to secure the performance of the contract according to its terms, in order to accomplish the result contemplated by the parties in making the contract, without thereby creating such contractor an employee of such company. We think this case comes within the rules laid down in the following cases: Smith Bros. v. O'Bryan, 127 Texas 439, 94 S. W. (2d) 145; Cocke & Braden v. Ayer, 129 Texas 660, 106 S. W. (2d) 1043; Dave Lehr. Inc., v. Brown, 127 Texas 236, 91 S. W. (2d) 693; Southern Surety Co. v. Scheel, 125 Texas 1, 78 S. W. (2d) 173; Riggs v. Hayden, 127 Texas 314, 94 S. W. (2d) 152; Southern Surety Co. v. Shoemake (Com. App.), 24 S. W. (2d) 7; Security Union Ins. Co. v. McLeod (Com. App.), 36 S. W. (2d) 449; Burton-Lingo Co. v. Armstrong (Civ. App.), 116 S. W. (2d) 791, writ refused; Federal Underwriters Exchange v. Turner (Civ. App.), 140 S. W. (2d) 885, writ refused; Liden Lumber Co. v. Johnston (Civ. App.), 128 S. W. (2d) 121; 23 Tex. Jur., p. 547, sects. 6-7; 14 R. C. L., p. 68, secs. 4-5; 27 Amer. Jur., p. 488, secs. 7-9.

What we have said above is in recognition of the opinion in Southern Underwriters v. Samanie, 155 S. W. (2d) 359. A

reading of the opinion in that case shows that the evidence was conflicting upon certain essential facts, and for that reason it was held that an issue of fact was raised which was properly submitted to the jury for determination.

Applying the rule announced in the foregoing cases to the facts of this case, we think it appears, as a matter of law, that Southard was an independent contractor; and, therefore, claimants are not entitled to recover in this suit.

The judgments of the trial court and of the Court of Civil Appeals are reversed, and judgment is entered that defendants in error take nothing by reason of their suit.

Opinion delivered April 1, 1942.