### ROURKE v. FIDELITY & CASUALTY CO. CO. OF NEW YORK.

#### Civ. A. No. 378.

District Court, S. D. Texas,
Galveston Division.

Feb. 6, 1946.

Wayman & Kleinecke and Chas. G. Dibrell, Jr., all of Galveston, Tex., for plaintiff.

Levy & Levy and Marion J. Levy, all of Galveston, Tex., for defendant.

KENNERLY, District Judge.

This is a suit by plaintiff against defendant for compensation under the Texas Workmen's Compensation Law, Articles 8306 to 8309, Vernon's Civil Statutes of Texas. Plaintiff claims to have been injured on or about September 13, 1944, while doing repair work (rat proofing) in the boiler room of the United States National Bank at Galveston, in this District and Division. The main question in the case is whether plaintiff was at the time of the alleged injury an employee of such bank within the meaning of such compensation law, or whether he was an independent contractor.

The facts are these:

(a) The parties have stipulated all the jurisdictional facts, and also have stipulated:

"That plaintiff sustained an injury on or about September 13, 1944 in Galveston, Galveston County, Texas in the United States National Bank Building owned by the United States National Bank of Galveston, and that at all time material hereto said Bank was a subscriber under the Workmen's Compensation Law of Texas and defendant was the carrier of the Workmen's Compensation Insurance of said Bank.

"That the injury to plaintiff is confined to his right shoulder and the effect, result and incapacity therefrom.

"Only and only if it be held and found by the Court that the injury sustained by plaintiff is compensable under the Workmen's Compensation Law of Texas—such compensability being denied by defendant, though asserted by plaintiff—that the average weekly wage of the plaintiff under the Workmen's Compensation Law of Texas at the time he sustained his injury was $75.00.

"That all other facts are in issue and to the Court."

(b) While on top of the boilers in the boiler room of the United States National Bank at Galveston, about 8:30 p.m., on September 13, 1944, making some repairs to the walls and/or ceiling (rat proofing), plaintiff handled an electric light cord on which there was a light which was being used as a supplemental light to enable him to work, and received such injury. As a result of such injury, plaintiff became totally incapacitated within the meaning of such compensation law, and has been and will continue to be so totally incapacitated for a period of 401 weeks from and after September 13, 1944.

(c) The weight and preponderance of the evidence show that plaintiff was not an employee of such bank within the meaning of such law, but was an independent contractor.

He is a rather unusual expert brick mason and/or plasterer, and for a number of years has been in the contracting business in the City of Galveston. He has had an organization of one or more expert and trained employees and necessary tools and other equipment. During that time, he has contracted to do jobs of work, and has done

jobs of work, of that kind for the public generally, including the Bank. He would at times have two jobs (or more) going on at the same time for different people.

The Bank did not regard him as an employee, did not carry him on its payroll as an employee, did not make social security deductions, income tax deductions, or other similar deductions from his pay, and had no control whatever over when he should work, how he should work, or the manner in which he should do work. On each job, the Bank would point out what it desired him to do, and trusted him, left him to do it in his own way, and when he could find time to do it, and if, as, and when satisfactorily completed, would pay him for it. The evidence shows that the job on which he was working in the boiler room of the Bank at the time he was injured had been put off and delayed from time to time by plaintiff over a long period of time.

Such job in the boiler room of the Bank was pointed out to him by a representative of the Bank, and he was to go forward and do it in the same way and on the same basis that he had done other jobs of work over a long period of time for the Bank. This was on a "cost plus a profit" basis, or a "time and material" basis. By this, it was meant that plaintiff himself hired (and fired) any needed labor, purchased any needed material, paid any social security and workmen's compensation, etc., charges on his labor for each job, and included it all in his bill to the Bank. On some jobs, plaintiff himself worked, and on some he did not. If plaintiff himself did not work on a job, he was paid a sum of money equal to 10% or 15% of the cost or sometimes a lump sum in addition to the cost. If plaintiff himself did work on the job, he was paid a sum of money reached by computing the time he actually worked at the union scale of wages in Galveston. All was included in his bill rendered the Bank. The Bank never at any time hired plaintiff by the day or week or the month, but always in the manner stated.

The Bank has never at any time carried plaintiff's employees on its payroll and has never paid any of plaintiff's employees direct. Nor has the Bank paid directly any of the Social Security, workmen's compensation, etc., charges on plaintiff's employees. All payments made by the Bank were to plaintiff on bill rendered as stated. I find that the Bank received and paid the so-called "lump sum" bill of plaintiff for $195, dated October 2, 1944, which included the work he and his employee or employees had done in the boiler room of the Bank up to the time he was injured. The Bank did not receive the so-called itemized bill which plaintiff said he also sent October 2, 1944. It is probable plaintiff is mistaken about having sent it. Neither plaintiff nor any other person has finished the work in the boiler room.

■ 1. The plaintiff carries the burden to show that he was an employee at the time of the injury. Industrial Indemnity Exchange v. Southard, 138 Tex. 531, 160 S.W.2d 905, and cases there cited.

■ 2. The cases in Texas are numerous, and in some conflict, but under Industrial Indemnity Exchange v. Southard, supra, and cases there cited, and the earlier case of Shannon v. Western Indemnity Co., Tex.Com.App., 257 S.W. 522, 523, and cases there cited, and cases which follow, I conclude that plaintiff has failed to show that he was an employee of the Bank. It is clear that he was an independent contractor, and that he cannot recover compensation under such compensation law.

Judgment for defendant.