644

## YARBROUGH et al. v. GENERAL LLOYDS FIRE & CASUALTY.

No. 4778.

Court of Civil Appeals of Texas. Beaumont.

May 7, 1953.

Rehearing Denied May 28, 1953.

Adams, Browne & Sample, Beaumont, for appellants.

Cecil, Keith & Mehaffy, Beaumont, for appellee.

PER CURIAM.

This is an appeal from a judgment on an instructed verdict for the insurance carrier in a suit for death benefits under the Workmen's Compensation law, Vernon's Ann. Civ.St. art. 8306 et seq.

E. Y. Yarbrough was killed by a falling tree while working at his job cutting trees in Hardin County. The appellants are his widow and surviving child. The appellee was the insurer of John L. Blair as to workmen's compensation insurance. Appellants alleged and sought to prove on the trial that the deceased Yarbrough was an employee of Blair. Appellee denied that Yarbrough was an employee of Blair. At the conclusion of the evidence by appellants, plaintiffs in the trial court, the court granted appellee's motion for instructed verdict, and entered judgment for appellee.

Appellants have duly perfected their appeal from such judgment.

█ The trial court, on objections of the appellee, excluded from the evidence certain testimony offered by appellants, and they complain of this by their Points 38, 39, 40, and 41. These points are not briefed by appellants and must be considered as waived. Doherty v. San Augustine Ind. School Dist., Tex.Civ.App., 178 S.W.2d 866, and cases cited. We have examined the excluded testimony, however, and believe that the trial court was not in error in excluding it. These points are overruled because they present no error and are waived.

█ The only question before us on appeal is whether some evidence was adduced to show that Yarbrough was an employee of Blair at the time when he was struck by a falling tree and killed.

Points 1 to 37, inclusive, all complain in various ways of the trial court's action in granting appellee's motion for an instructed verdict against them. They are briefed together, as one point, in appellants' brief and we will so consider them.

From the evidence received at the trial the following is a summary:

John Blair made an oral agreement with Kimble Scott to clear a tract of about five acres of land on Blair's mother's old home place about five miles from Woodville in Tyler County. Blair wanted the land cleared so that he could build an artificial lake at that place. Scott was a man who did logging work and had his own truck and saws and tools. Blair and Scott agreed on a flat fee of $50 for the job of clearing the land and Scott had the right to keep the logs or do as he pleased with them. Scott took his crew of several men, including the deceased, E. Y. Yarbrough, and finished the job and was paid the $50. While this job was being done Yarbrough was struck by a falling tree and injured so severely that he died within a few days thereafter. John Blair did not know Yarbrough, did not employ him or agree to pay him, had never paid Yarbrough anything and had never made social security reports on him and had never paid workmen's compensation premiums on pay received by Yarbrough. John Blair testified that his only interest in the matter was to get the land cleared, that he did not know the men in Kimble Scott's crew, and did not know how many men would be used. Kimble Scott did not know exactly where the land to be cleared was located and on the day the clearing work was to be done John Blair was sick and sent his father, Zee Blair, up to the site of the job to show Scott the location of the land and what part of it was to be cleared. Mr. Zee Blair testified that after he showed Scott where the land was he went over to some other property on the Wilson Survey to look at some timber and to look at another tract of land and spent most of the day in that manner. After the accident to Yarbrough he was told a man had been hurt and he took him to Kountze to Dr. Anderson for treatment. Zee Blair also testified that when he arrived at the place where the land was to be cleared he showed Kimble Scott the place but that he did not undertake to tell Scott or any of his crew what to do, did not undertake to give him any directions whatever and that he thought he was not supposed to tell them anything and that Scott had already made the deal with his son John.

We have read the entire statement of facts and are satisfied that the evidence shows as a matter of law that Yarbrough was not an employee of John Blair at the time of his fatal accident, but was an employee of Kimble Scott, and that Scott was an independent contractor doing a specific job for John Blair for an agreed sum of money, with his own crew of men. Under the authority of Industrial Indemnity Exchange v. Southard, 138 Tex. 531, 160 S.W. 2d 905, by the Supreme Court, and cases cited, we hold that Scott was an independent contractor rather than an employee of Blair. All of the elements pointed out by the opinion in the Southard case, supra, as necessary to show the relationship of an independent contractor are present in the case here. The fact that the father of John Blair went to the site of the job to show Scott where the work was to be done did not have the effect of retaining in John Blair the right to control the work of the men. The fact that some control is exercised over an independent contractor to the extent necessary to secure the performance of a contract according to its terms does not make him an employee or change his status from that of an independent contractor to that of an employee. Smith Bros. v. O'Bryan, 127 Tex. 439, 94 S.W.2d 145; Federal Underwriters Exchange v. Turner, Tex.Civ.App., 140 S.W.2d 885.

The burden was upon the appellants in the trial court to prove that the deceased was an employee of John Blair, whose insurer was the appellee. This proof they did not make and we believe the trial court was correct in so holding and in granting the appellee's motion for an instructed verdict. The judgment is accordingly affirmed.

## On Motion for Rehearing

MURRAY, Chief Justice.

Appellant has filed motion for rehearing, listing therein fifty-five assignments of error in which it is contended that we made fifty-five erroneous holdings in our original opinion in this case. We have examined

the three page opinion, and find that it contains two holdings by this court. We held that when appellant did not brief her points complaining of the trial court's ruling on admissibility of evidence she waived those points and they presented no error. We held that the evidence received by the court did not show that the deceased was an employee of the insured Blair at the time he met his death, and that the trial court therefore properly instructed a verdict in favor of the insurance carrier. We adhere to those holdings.

In the motion for rehearing, appellant complains that we stated that "appellee denied that it had issued a policy of compensation insurance to Blair covering the work at which Yarbrough was engaged when he was killed," and points out that such denial was not sworn to in the amended answer of the appellee. This is the first time we have had this fact called to our attention. Appellant is correct in her contention that this part of the statement has no place in the opinion, and it is stricken. It is of no importance to the decision in the case, because, as we stated in the original opinion, the appellee was the compensation insurance carrier of Mr. Blair. We decided the appeal, as stated, on the proposition that the evidence failed to show that Yarbrough was an employee of Blair at the time he received his fatal injury. We are not convinced that this was error, and the motion for rehearing is overruled.