234

M. M. COPELAND and Robert Elmer Moore
et al., Appellants,

v.

Betty Jo BATY, a feme sole, Individually
and as Next Friend, Appellee.

M. M. COPELAND and Robert Elmer Moore
et al., Appellants,

v.

Ruth Sawyer SIMMANG, a feme sole, Individually and as Next Friend, Appellee.

M. M. COPELAND and Robert Elmer Moore
et al., Appellants,

v.

Fred ROSAS, Appellee.

Nos. 5139–5141.

Court of Civil Appeals of Texas.

El Paso.

Feb. 15, 1956.

Rehearing Denied March 7, 1956.

Kemp, Smith, Brown, Goggin & White, El Paso, for appellants Cape & Cape.

Bondies & Flahive, Dallas, for Copeland & Moore.

Owen & Morgan, El Paso, for all appellees.

HAMILTON, Chief Justice.

This is a common law damage suit arising out of a night time accident between a private passenger car occupied by Fred Rosas and deceased Baty, and driven by the deceased Simmang, and a truck owned by the defendant Copeland, alleged by plain-

tiffs in effect to have been operated by the defendant Moore under circumstances which gave the defendant Copeland and the defendants Capes the right to direct and control the way the defendant Moore operated the truck.

The accident occurred in Hudspeth County, Texas, and plaintiffs sued the defendants Copeland, Moore and Capes in that county, alleging the usual acts of negligence on the part of Moore, proximate cause and damages. The defendants Moore and Copeland filed pleas of privilege seeking to remove venue to Dickens County, and the defendants Capes filed pleas of privilege seeking to remove venue to Hayes County, Texas, as the counties of residence of the respective defendants. Controverting pleas were filed by the plaintiffs. The defendant Copeland timely filed an answer to all controverting pleas, wherein he denied that Moore was his agent, servant or employee, and alleged that Moore was an independent contractor as to him, and that Moore was in fact the special or borrowed employee under the exclusive direction and control of defendants Horace Cape and J. M. Cape, and for whom Copeland was not responsible. Defendants Capes filed no answer to the controverting pleas, although it is clear from the evidence admitted at the hearing on the plea of privilege it is their position that the defendant Copeland was an independent contractor as to the Capes, and that Copeland retained the right to direct and control Moore in the operation of the truck, and that the amount of control that defendants Capes exercised over Moore was no more than was required to accomplish the result desired in seeing that the cottonseed which they had contracted with Copeland to haul was picked up at the proper time and place and delivered to the proper place.

The trial of the venue question was to the court without a jury, and the court after hearing the testimony overruled all of the pleas of privilege. Defendants Copeland, Moore, and the defendants Horace Cape and J. M. Cape appealed.

The defendant Copeland in his appeal does not contend that Moore was an independent contractor as to him, but bases his appeal upon one point, that is that the trial court erred in not sustaining his plea of privilege on the ground that the defendant Moore, the driver of the truck, was under the exclusive direction and control of the Capes at the time and place the accident occurred. The appellants Capes appealed on the point that the trial court erred in overruling their pleas of privilege because plaintiffs failed to prove by a preponderance of the evidence that Moore was an employee of appellants Capes, but on the contrary he was as a matter of law not an employee of appellants Capes.

The accident in question took place on October 9, 1954, when the truck driven by the defendant Moore collided with the automobile driven and occupied by plaintiff and plaintiff's decedents. The evidence shows Moore to be guilty of various acts of negligence. The truck belonged to defendant Copeland, and was hauling a load of cottonseed belonging to defendants Horace Cape and J. M. Cape. The business of the Capes was buying and selling cottonseed, and their residence and place of business was San Marcos, Hayes County, Texas. Copeland had been in the trucking business for ten years, and was operating as a public carrier under the authority of the Texas Railroad Commission, and the residence of Copeland and Moore was Dickens County, Texas. Copeland had hauled cottonseed in season for the Capes for three years, and in the season in question, fall, 1954, used four trucks to haul the Capes' cottonseed. The hauling was done at so much per ton. Moore was hired by Copeland, and was paid by Copeland on the basis of 20% of the gross realized from the seed that he hauled. Copeland paid for the oil and gas and the repairs to the truck. It appears that the Capes bought cottonseed in the Rio Grande Valley, the high plains, and in New Mexico. Sometimes Capes would tell Copeland where he wanted the seed picked up and where he wanted it delivered, and sometimes under the agreement with Cope-

land Capes would leave word at the gins or cotton oil mills as to where they desired the driver to pick up the next load, and where it was to be delivered. At the time instructions were left by Capes at the gin or cotton mill they would not know which particular driver would get the instructions. Copeland told Moore that when instructions were left by Cape as to where to pick up the seed and where to deliver it, for him to follow such instructions. There were no instructions to Moore or other drivers how to drive the trucks. Capes told Copeland that he had bought cottonseed at Deming, New Mexico, from the Luna Co-Op. Gin, and that he would need four trucks and drivers to haul seed from Deming to Coleman. Instructions were left by the Capes with the gin at Deming that Copeland's drivers were to load only in the day time, as it was not convenient for the gin to deliver during the night, since the gin did not have weighers available in the night time. Copeland testified that the Capes had the right to fire and replace drivers on the trucks. This was denied by the Capes. There is no evidence that any such authority was ever exercised by the Capes.

We cannot agree with appellant Copeland's contention that at the time of the accident in question Moore, the driver of the truck, was a special employee of the appellants Capes, and was under their exclusive control. After Copeland contracted with Capes to haul cottonseed from Deming, N. M. to Coleman, Texas, Copeland sent his driver Moore with a truck to Deming, along with three other trucks and drivers to do this hauling. The only instructions given by the Capes to the driver Moore, or the other drivers, was where and when to pick up the seed and where to deliver it. Copeland at all times maintained control of the operation of the trucks through his drivers. There was no evidence that Copeland ever surrendered control of the actual operation of the trucks to the Capes, or that Capes ever exercised control over the actual operation of the trucks. Copeland had obligated himself to haul the seed from Deming to Coleman, and at the time of the accident the driver Moore was engaged in doing the very work that Copeland had obligated himself to do. The question of general employee and special employee, or borrowed employee, does not enter into this case as was in the case of Hilgenberg v. Elam, 145 Tex. 437, 198 S.W.2d 94, on which the appellant Copeland and appellees rely. City of Waco v. Hurst, Tex.Civ. App., 131 S.W.2d 745.

On the other hand, we think that the trial court was in error in overruling the plea of privilege of appellants Horace Cape and J. M. Cape. Plaintiffs maintain that since appellants Capes exercised some control over the driver of the truck that they are jointly liable with the appellant Copeland. We think the evidence of control is insufficient to make the truck driver an employee of the Capes. As is stated above, the only control exercised by appellants Capes was to instruct the driver where and when to pick up seed and where to deliver it. This is not sufficient to make the driver the shippers' employee. There was no more instruction to the public carrier or its driver than is ordinarily required for any shipper to get accomplished the service for which he is paying. It is true that Copeland testified that the Capes had the right to fire and replace drivers. There is no evidence that this right was ever exercised over a three year period that the Capes had been using Copeland to haul their seed. It was denied by the Capes that they had any such agreement. However, taking it as the truth, the right to hire and fire is only one element of the relationship of employee and employer, and is not controlling, and when we look at the whole record in the case, considering the business in which the Capes were engaged, the business in which Copeland was engaged, whose work the driver was doing at the time in question, the instructions of the Capes being limited to what was to be done rather than as to how it was to be done, we are compelled to find in this situation that as a matter of law Copeland was an independent contractor as to the Capes, and Moore was an employee of Copeland and not an employee of the Capes. Farmers' Gin Co-op. Ass'n v.

Mitchell, Tex.Civ.App., 233 S.W.2d 948; Industrial Indemnity Exch. v. Southard, 138 Tex. 531, 160 S.W.2d 905. Therefore, venue as to the Capes cannot be held in Hudspeth County.

We sustain the trial court in overruling the pleas of privilege of appellants Copeland and Moore, and reverse the trial court in its overruling the pleas of privilege of appellants Horace Cape and J. M. Cape, and order that the cause as to the appellants Capes be transferred to Hayes County.