Mrs. Edward Wayne HILL, individually and for Ladonya Hill et al., Appellants,

v.

**WESCO MATERIALS CORPORATION,**
Appellee.

No. 16557.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 25, 1964.

Rehearing Denied Oct. 23, 1964.

J. Alex Blakeley, Dallas, for appellant.

Johnson, Guthrie, White & Stanfield, and Curtis White, Dallas, for appellee.

LANGDON, Justice.

Wesco Materials Corporation, appellee, was defendant in an action for damages asserted against it and other defendants, including G. W. Smith and Monty F. Renshaw, resulting from a collision between a gravel truck and another vehicle. Its motion for summary judgment was granted and the suit against it severed to permit this appeal.

The appellee will be referred to as Wesco, Monty F. Renshaw as Renshaw and G. W. Smith as Smith.

Wesco's motion for summary judgment was based upon its contention that Renshaw, the driver of the truck involved in the collision, was not its agent, servant and employee and thus it was not liable to appellants under the doctrine of respondeat superior. It alleged that Renshaw was employed by Smith, an independent contractor. Affidavits in support of the motion were attached thereto, together with Wesco's written contract with Smith.

Appellants, in contesting Wesco's motion, contended that a genuine issue of fact was presented as to the relationship between Wesco and Renshaw. That Renshaw was Wesco's agent and employee, or its borrowed employee or else Wesco was liable for negligent entrustment of the truck to Renshaw. We affirm.

It is undisputed that the written contract between Wesco and Smith created the relationship of employer and independent contractor as between them. The sole question here is to determine whether Renshaw was the employee of Smith or Wesco at the time of the collision.

The appellants contend that while the contract is germane to the issue it is not determinative of the relationship between Wesco and Renshaw because the latter was not a party to the contract.

The record reflects that Wesco is engaged in the "sand, gravel and like or associated substances" business. It is not engaged in the hauling business. Under its contract with Smith, Wesco could advise him that it had material to be hauled and Smith could elect to accept or reject any work tendered to him. Smith hauled for Wesco and others. Wesco employed Smith and other independent contractors to haul for it.

On the occasion in question an employee of Wesco advised Smith's station that it had some material to be hauled. One of Smith's drivers was assigned to haul the material.

Because of some personal reason he requested Renshaw to substitute for him in making the trip. Renshaw agreed to do so and during the trip was involved in the collision.

The appellants contend that since Smith was not personally contacted and was unaware of the switch in drivers that he did not "elect" to accept the haul which was tendered to his office by Wesco as was required by the terms of the contract between him and Wesco.

We find this argument to be untenable. There is not credible evidence in the record to indicate that Wesco had any knowledge of the switch in drivers or that having such knowledge could have done anything about it.

Wesco tendered a haul to Smith's station. It could have been accepted or rejected. A truck with a driver was dispatched to Wesco from Smith's station to make the haul. This was routine. It had occurred many times in the past. Wesco had no occasion to inquire whether Smith had personally elected to haul the material when his station was called or to inquire as to whether he personally assigned Renshaw to drive. These were matters between Smith and Renshaw and other employees of Smith who may have been involved.

The truck and trailer involved in the collision was owned by Smith. The driver originally assigned to drive it was employed by Smith. Renshaw was likewise an employee of Smith at the time in question and had been so employed for a period of six years. Neither driver had ever been employed or paid by Wesco. Smith paid all of the expenses incident to the ownership, operation and maintenance of the truck and trailer. He paid the salary and all other expenses relating to the employment of Renshaw including social security, workmen's compensation and withholding. None of these expenses for trucks or employees was paid by Wesco nor was it obligated to do so under its contract with Smith or otherwise.

Pursuant to the contract the appellee would load the trucks which Smith sent over and furnish Smith's driver with slips reflecting the place of delivery and the name of the person or firm to receive the order.

The evidence clearly shows that Wesco was exercising only such control over Smith's drivers, including Renshaw, as was necessary to make certain that the work was being performed and results accomplished according to the terms of the written contract between it and Smith.

Mid-Continent Freight Lines, Inc. v. Carter Publications, Inc., 336 S.W.2d 885 (Fort Worth Civ.App., 1960, writ ref.). See also Carter Publications, Inc. v. Davis, 68 S.W. 2d 640 (Waco Civ.App., 1934, writ ref.); Industrial Indemnity Exchange v. Southard, 138 Tex. 531, 160 S.W.2d 905 (1942); Dave Lehr, Inc. v. Brown, 127 Tex. 236, 91 S.W. 2d 693 (1936); Smith Bros. v. O'Bryan, 127 Tex. 439, 94 S.W.2d 145 (1936); Williams v. Texas Employers' Ins. Ass'n, 218 S.W.2d 482 (San Antonio Civ.App., 1948, writ ref., n. r. e.).

The rules applicable to an independent contractor apply with equal force to his agents and employees.

The case of Hilgenberg v. Elam, 145 Tex. 437, 198 S.W.2d 94 (1946), and other authorities cited by the appellants on the issue of borrowed employees have no application to the facts of this case. In view of our finding that Renshaw was neither the employee nor the borrowed employee of Wesco but was the agent and employee of Smith at all times pertinent hereto, it follows that the doctrine of negligent entrustment has no application to Wesco who did not own or control the vehicle in question or employ or control Renshaw, its driver.

In our opinion the only reasonable conclusion to be drawn from the record is that Wesco did not employ, pay or in any manner assume and exercise such control over Renshaw's physical conduct in the per-

formance of the labor provided for in the contract as to make him its servant and employee. This status was not altered because Smith did not personally receive the original call to his station or personally assign Renshaw to make the trip.

Since under the facts the trial court would have been required to direct a verdict for Wesco had the case been tried on its merits, it was not error to render judgment on summary proceedings. All points of error are overruled and the judgment is affirmed.