**Tom GAMBRIELL, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

No. 21824.

United States Court of Appeals
Fifth Circuit.

March 15, 1965.

Rehearing Denied April 28, 1965.

Joe Bob Golden, Jasper, Tex., for appellant.

David C. Marcus, Beaumont, Tex., Marcus & Weller, Beaumont, Tex., of counsel, for appellee.

Before TUTTLE, Chief Judge, BROWN and FRIENDLY,* Circuit Judges.

PER CURIAM.

Plaintiff Tom Gambriell, a citizen of Texas, brought this action in the District Court for the Eastern District of Texas against defendant, a Massachusetts corporation, the workmen's compensation insurance carrier for Kirby Lumber Corporation. He complained of the denial of a compensation award by the Industrial Accident Board of Texas. The defense was that at the time of the injury plaintiff was not an employee of Kirby but of E. N. Read, whom Kirby had engaged by a written contract to perform certain logging operations. Plaintiff claimed that Read was an employee of Kirby and that therefore he was also one; defendant contended that Read was an independent contractor. The judge put seven interrogatories to the jury, directing them not to answer the last six, dealing with the extent of the injury and the amount of compensation, unless they had given an affirmative answer to the first, relating to Gambriell's employment by Kirby. Being unable to agree on an answer to the first question, the jury nevertheless answered the others. Defendant having moved under F.R.Civ.P. 50(b) for judgment in accordance with its previous motions for a directed verdict, the judge granted the motion. Gambriell appeals *in forma pauperis* from the ensuing judgment of dismissal.

The controlling principle was laid down in Industrial Indemnity Exchange v. Southard, 138 Tex. 531, 160 S.W.2d 905 (1942), also a logging case and rather similar to this one, where the Supreme Court of Texas reversed a judgment, based on a jury verdict, refusing to set aside a compensation award. No useful purpose would be served by examining the many Texas cases in which the rule of the Southard case has been applied. The only evidence of "control" by Kirby going beyond that held insufficient in Southard is Gambriell's testimony that Kirby's foreman would sometimes tell him and other workers on Read's trucks to load them higher, and would instruct the drivers not to pick up hitchhikers. We cannot think the Texas courts would consider this sufficient to raise a jury issue in the face of the expressed intention that Read was to be an independent contractor and the evidence, largely uncontradicted, of the over-all consistency of the operation with the contract. Gambriell seeks to make much of two checks, for $7.10 and $25.00 respectively, drawn by defendant on its regular check forms, in which he was named as employee and Kirby as employer. Since the evidence shows that these were pursuant to an arrangement with Gambriell's attorney to pay for his travel expense and a medical examination after Liberty had learned of his intention to seek compensation from it, they afford no basis for inferring that Liberty thereby acknowledged the very claim it was preparing to resist.

The judgment is affirmed.

* Of the Second Circuit, sitting by designation.