Honorable Joe Resweber Harris County Attorney 1001 Preston, Suite 634 Houston, Texas 77002
Re: Whether a governmental body may meet in closed session to discuss the employment of an engineering, architectural or consultant firm.
Dear Mr. Resweber:
You have asked:
 Can the Commissioners Court, pursuant to provisions of article 6252-17, Vernon's Ann. Civ. St., meet in closed session to discuss the employment of an engineering, architectural, or consultant firm whose professional services are to be provided to the county by specific, written contract?
The Texas Open Meetings Act, article 6252-17, V.T.C.S., requires commissioners courts to meet in sessions which are open to the public. Various exceptions to the act permit governmental bodies to close portions of meetings. The only exception which is relevant to your inquiry is found in section 2(g) of the act. It provides:
 Nothing in this act shall be construed to require governmental bodies to hold meetings open to the public in cases involving the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee or to hear complaints or charges against such officer or employee, unless such officer or employee requests a public hearing. (Emphasis added).
By its terms, section 2(g) applies only to discussions involving officers or employees. Engineering, architectural or consultant firms would, however, be classified as independent contractors since they would undertake to do a specific piece of work for the county using their own means and methods without submitting themselves to the control of the county in respect to all the details of the work. Industrial Indemnity Exchange v. Southard,160 S.W.2d 905, 907 (Tex. 1942); Restatement (Second) of Agency §§ 2, 220 (1957). An independent contractor is not an officer or employee. Attorney General Opinion H-1304 (1978); C-307 (196); V-1527 (1952); V-345, V-303 (1947).
The Texas Open Meetings Act is required to be liberally construed to effect its purpose which is to assure that the public has an opportunity to be informed concerning the transaction of public business. Toyah Ind. Sch. Dist. v. Pecos-Barstow Ind. Sch. Dist.,466 S.W.2d 377 (Tex.Civ.App.-San Antonoio 1971, no writ). Accordingly, we believe that the Open Meetings Act does not permit a governmental body to meet in closed session to discuss the employment of an independent contractor such as an engineering, architectural or consultant firm.
We note that our conclusion is consistent with that of other states which had considered the question. Illinois Attorney General Opinion No. S-116 (1976) (commission may not meet in executive session to discuss financial responsibility of building contractors who submitted bids on a project); Oklahoma Attorney General Opinion No. 75-702 (1975) (governmental body may not meet in executive session to discuss selection of an architect or lawyer or to discuss retention, discipline or granting of privileges of physician who was found to be an independent contractor).
 SUMMARY
A governmental body may not meet in closed session to discuss the employment of an independent contractor such as an engineering, architectural or consultant firm.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by C. Robert Heath Assistant Attorney General