OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 23, 2001

Mr. Robert L. Maxwell
Administrator
Texas State Board of Plumbing Examiners
929 East 41st Street
Austin, Texas 78765

Opinion No. JC-0382

Re: Licensed plumbing inspectors and plumbing inspections performed on behalf of cities (RQ-0333-JC)

Dear Mr. Maxwell:

On behalf of the Texas State Board of Plumbing Examiners (the "Board"), you ask whether the Plumbing License Law (the "Act") requires a plumbing inspector for a political subdivision to be an employee of the political subdivision, or whether a plumbing inspector may be an independent contractor or a licensed plumbing inspector merely approved by the political subdivision. *See* TEX. REV. CIV. STAT. ANN. art. 6243-101 (Vernon Supp. 2001). A plumbing inspector within article 6243-101 must be an employee of the political subdivision and may not be an independent contractor or a licensed plumbing inspector approved by a political subdivision.

The Act provides that no one shall engage in the business of plumbing in this state "or serve as a plumbing inspector as herein defined, except as herein specifically exempted from the provisions of this Act, unless such person is the holder of a valid license as provided for by this Act." *Id.* § 14(a). Section 8(a) of the Act authorizes the Board to issue licenses to engage in the occupation of "plumbing inspector," defined as follows:

> "Plumbing Inspector" means any person *employed by a political subdivision* for the purpose of inspecting plumbing work and installations in connection with health and safety laws and ordinances, who has no financial or advisory interests in any plumbing company, and who has successfully fulfilled the examinations and requirements of the Board.

*Id.* § 2(5) (emphasis added).

The Board first asks whether a licensed plumbing inspector would be "employed by a political subdivision" if there were a contractual relationship between the city or other political subdivision and the inspector and the contract provides that:

a. the Licensed Plumbing Inspector is paid only by the city or other political subdivision and;

b. the Licensed Plumbing Inspector is an independent contractor or agent secured by the city or other political subdivision to perform plumbing inspections and enforce the city's or other political subdivision's adopted plumbing code.[1]

An independent contractor contracts to do a specific job according to his own methods and without being subject to the control of his employer except as to the result of the work. *See Indus. Indem. Exch. v. Southard*, 160 S.W.2d 905, 907 (Tex. 1942). He or she conducts an independent business and furnishes the tools, supplies, and material to perform the job. *See id.*; *see also Thompson v. Travelers Indem. Co. of R.I.*, 789 S.W.2d 277, 278-79 (Tex. 1990). The independent contractor has the right to control the details and progress of the work, except as to the final result. An employee, in contrast, is subject to the employer's control as to the progress, details, and methods of operations of the work. *See Thompson*, 789 S.W.2d at 278-79. Examples of control normally exercised by an employer include when and where to begin and stop work, the regularity of hours, the amount of time spent on particular aspects of the work, the tools and appliances used to perform the work, and the physical method or manner of accomplishing the end result. *See id.*

As your question indicates, article 6243-101 authorizes local plumbing inspectors to enforce its provisions. Section 8B states that "[i]n addition to enforcement by the Board, each plumbing inspector may enforce this Act." TEX. REV. CIV. STAT. ANN. art. 6243-101, § 8B (Vernon Supp. 2001).[2] A "field representative," who is a Board employee designated by the Board to assist in enforcing the Act and rules adopted thereunder, may "assist municipal plumbing inspectors in cooperative enforcement of this Act." *Id.* § 8B(b).[3] "A field representative or, within the jurisdiction of that municipality, a municipal plumbing inspector or water district plumbing inspector, may issue a citation to a person who engages in conduct described by Subsection (e) of Section 9 of this Act." *Id.* § 14(e). Section 9(e) provides that:

A person commits an offense if the person knowingly violates this Act or a rule adopted under this Act, engages in activities for which a license is required without a license issued under this Act, or employs an unlicensed person to engage in activities for which a

---

[1]Letter from Robert L. Maxwell, Administrator, Texas State Board of Plumbing Examiners, to Ms. Susan D. Gusky, Chair, Opinion Committee, Office of the Attorney General, at 2 (Dec. 29, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Adopted by Act of May 23, 1987, 70th Leg., R.S., ch. 857, § 1, 1987 Tex. Gen. Laws 2923.

[3]This provision, also codified as subsection 8B, was adopted by Act of May 22, 1987, 70th Leg., R.S., ch. 620, § 1, 1987 Tex. Gen. Laws 2491, 2492.

> license is required by this Act. An offense under this subsection is a
> Class C misdemeanor.

*Id.* § 9(e).

In effect, you ask whether a political subdivision may designate a private contractor to enforce article 6243-101 and rules promulgated thereunder or whether it may entrust this responsibility only to a person it employs. Article 6243-101 delegates to a local plumbing inspector appointed by the governing body of the political subdivision the authority to enforce the Act within the boundaries of that political subdivision. *See also* TEX. HEALTH & SAFETY CODE ANN. § 372.0035(h) (Vernon Supp. 2001) (municipal plumbing inspector may issue citation within municipality to person who violates prohibition on lead in plumbing fixtures or pipes). Thus, the local plumbing inspector assists in implementing the provisions of a state licensing and regulatory law, enforcing plumbing standards within the inspector's jurisdiction and exercising authority to issue citations to persons who engage in the violations described in section 9(e) of the Act. A plumbing inspector makes decisions that affect the health and safety of the public and the interests of persons cited for violations of the Act. *See* TEX. REV. CIV. STAT. ANN. art. 6243-101, § 9(e) (Vernon Supp. 2001). We would expect the person who exercises this essential function to be highly accountable to the political subdivision that employs him or her, and we accordingly conclude that the "person employed by a political subdivision for the purpose of inspecting plumbing work and installations" must be an employee of the political subdivision and not an independent contractor. *Id.* § 2(5). The Act requires a "field representative," who assists in enforcing the Act, to be an employee of the Board, and it is certainly consistent with this requirement to conclude that a plumbing inspector who enforces the Act must also be a public employee.

Our conclusion that the plumbing inspector must be an employee of the political subdivision is consistent with the language stating that a "plumbing inspector" is "any person *employed by a political subdivision* for the purpose of inspecting plumbing work and installations." *Id.* § 2(5) (emphasis added). "Employed" has been defined as: "That is in (another's) employ." V OXFORD ENGLISH DICTIONARY 191 (2d ed. 1989). Other provisions in the Act using the phrase "employed by" show that it refers to an employee of an entity and not an independent contractor. For example, "[n]othing in this Act shall require *a person employed by a political subdivision who, in the person's capacity as a public employee*, acts as a backflow prevention device specialist" to have a license endorsement. TEX. REV. CIV. STAT. ANN. art. 6243-101, § 11B (Vernon Supp. 2001) (emphasis added); *see id.* § 11A (license endorsement for a water supply protection specialist). Another section states that "[n]othing in this Act shall require *a person employed by a public utility . . . who, in the course of the person's employment*, acts as a backflow prevention device specialist" to have a license endorsement. *Id.* § 11C. We conclude that a "plumbing inspector" as defined by the Act must be an employee of the political subdivision, and may not be an independent contractor or non-employee agent. *See id.* § 2(5).

You inquire whether certain other non-employees aside from independent contractors may perform plumbing inspections for a city or other political subdivisions. Because we have determined

that a local plumbing inspector must be an employee of the political subdivision, we need not address these questions about non-employees. You also ask whether a city or other political subdivision may "delegate its governmental function (authority) to inspect construction work and building components (plumbing, electrical, air conditioning, etc.) within the jurisdictional limits of the city or political subdivision, to individuals, companies or corporations which are not employees or agents of the city or political subdivision," but are employees of the contractors whose work is being inspected who are merely "approved" to make plumbing inspections by the city or political subdivision. Request Letter, *supra* note 1, at 2. In addition, the fees for the inspections are negotiated with and paid by the contractors to the individuals, companies, or corporations performing the inspections. *See id.*

To the extent that the Act requires the inspections you mention to be made by plumbing inspectors, our answer to your first question establishes that the inspectors must be employees of the political subdivision and accordingly, may not be employees of other entities that are merely "approved" by the political subdivision. You have not referred us to any provision of law other than the Act, and accordingly, we are unable to determine the legal requirements applicable to inspections not subject to article 6243-101, Revised Civil Statutes.

## S U M M A R Y

A plumbing inspector as defined under the Plumbing License Law must be an employee of the city or other political subdivision in which the plumbing inspector exercises authority. A city or other political subdivision may not contract with an independent contractor or enlist the services of any other non-employee to perform the duties of a local plumbing inspector.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee